[No. 93. Decided November 18, 1890.]

*In the matter of the petition of* JAMES RAFFERTY *for a writ of Habeas Corpus.*

HABEAS CORPUS—JURISDICTION OF SUPREME COURT—PRACTICE—CONSTITUTIONAL LAW.

Under ₹ 24 of the Enabling Act, and the legislative act of December 13, 1889 (Sess. Laws 1889-90, p. 94), continuing all laws in force applicable to the state form of government, the provisions of chapter 58, Code Wash. T., in regard to *habeas corpus*, are applicable to the supreme court.

Section 4, article 4, of the state constitution, giving the supreme court original jurisdiction in *habeas corpus*, is self-executing; and in the absence of legislation on the subject, the supreme court has authority to establish rules defining the course to be pursued in issuing the writ.

Under the authority of the supreme court to issue writs of *habeas corpus*, the court, or one of its judges, can grant an order *nisi* to show cause why the writ should not issue. In such case the writ should be issued by the clerk of the supreme court.

The supreme court has original jurisdiction in *habeas corpus* to issue the writ or make the order *nisi*, in all cases, and the provisions of ₹ 4, article 4, of the state constitution do not confine its jurisdiction to state officers.

The provision of the state constitution, article 1, ₹ 2, that "the constitution of the United States is the supreme law of the land,"

only relates to those matters wherein the general government assumes to control the individual states, and the requirement of a presentment by a grand jury is not one of them.

Where the title of an act relates only to proceedings by information, a section of the act dispensing with grand juries, unless ordered by the judge, is properly within the title, and does not bring another subject into the act.

Where an act containing a clause repealing a former law is declared void, the former law remains in force.

Under § 677, Code of Wash. T., prohibiting inquiry into the legality of any commitment issued on a final judgment of a court of competent jurisdiction, defendant is restricted to his remedy by appeal; and the writ of *habeas corpus* will only lie where the court had no competent jurisdiction in the premises.

*Original Proceeding in Habeas Corpus.*

*Lueders & Laffoon,* for petitioner.

*W. C. Jones,* Attorney General, for The State.

The opinion of the court was delivered by

Scott, J.—Defendant was convicted in the superior court of Pierce county of the crime of an attempt to commit rape, and upon June 24, 1890, was sentenced to imprisonment in the penitentiary for a term of fourteen years. After his incarceration application was made to the Honorable Theodore L. Stiles, one of the judges of this court, for a writ of *habeas corpus,* whereupon an order *nisi* was made by said judge, requiring the warden of the penitentiary to show cause to this court why the writ should not issue.

This being the first proceeding of the kind before us, the question arises as to the jurisdiction of the court in such matters, and it necessitates a construction of § 4, article 4, of the state constitution, as to its purport, and as to whether it is self-executing in this particular, and if not, whether an act passed by the last legislature (see Session Laws 1889-90, p. 321) reënacting said section *verbatim,* vivifies the same, no way having been pointed out as to the manner of procedure in such cases. Also, as to whether the provisions

of the code found in chapter 58 apply to this court, by virtue of § 24 of the enabling act and an act of the legislature approved December 13, 1889 (see Session Laws 1889–90, p. 94), continuing all laws in force applicable to our present system of government, and substituting the word " state " for " territory," etc. It is contended that the provisions of the code are not applicable to us, because it would result in compelling this court, or its several members, virtually to sit as committing magistrates, under code § 678, to inquire into the sufficiency of causes where persons are held for trial upon criminal charges, and that no such state of affairs could have been intended, in view of its consequential inconveniences and expense. It is further contended that the provision referred to of the constitution is not of force until legislation is had pointing out the manner of carrying the same into effect, and providing some means of preserving the records in such cases, particularly when such a proceeding is had before one of the individual judges of this court; and if this is true, then the literal reenactment of said section by the legislature does not help this out, and the constitutional provision is dormant.

In the light of all the law submitted to us bearing upon the subject, we are forced to the conclusion that notwithstanding the awkward results that might occasionally be brought about in cases where this court should be called upon to review the proceedings of committing magistrates, which would practically amount to an appeal therefrom, and be a rehearing thereof, that the provisions of the code mentioned do apply to this court until the same are changed by legislative enactment.

We are also of the opinion the constitutional provision in question is within those denominated or recognized as self-executing, especially when considered with the general powers of the court to regulate its proceedings. It can hardly be supposed it was contemplated or intended so important a right as this should be suspended as far as the

jurisdiction of this court is involved, until such uncertain time as it should be called into life by legislation pointing out the method of procedure. In the absence of such legislation this court could establish rules defining the course to be pursued, if necessary to enforce it. It is apparent, however, by § 687 of the code, that in all cases where the writ is directed by the supreme court or a judge thereof, or an order *nisi* made, the same should be issued by the clerk of this court. Where the same is made returnable before a superior court or judge the subsequent proceedings would be had in such court.

An objection was urged that there was no authority for granting an order to show cause at all; that as the laws cited speak only of the writ, it must be the writ, if anything. It is the practice in the United States courts to grant an order *nisi,* and § 755 of the revised statutes is more imperative than our own in relation to the speedy issuance of the writ. It was also the established practice at the common law to grant a rule *nisi* in the first instance. See Whart. Crim. Pl. & Pr., § 986. Therefore, in view of the lesser expense and greater simplicity of the proceeding in not requiring the presence of the prisoner, we think it is the better practice and authorized here.

It is further contended that our constitution only gives the supreme court authority to issue the writ as to state officers, although it gives each one of the judges of said court power to issue on behalf of any person held in custody, and at the option of such judge to make the writ or order returnable before the supreme court. The language of that part of the section is as follows: "The supreme court shall have original jurisdiction in *habeas corpus* and *quo warranto* and *mandamus* as to all state officers." And while, perhaps, a literal grammatical construction of this clause, as contended, might not give the court jurisdiction, and might prevent its exercise, except as to where state officers are concerned, yet, if so, the language must yield

somewhat to prevent what would apparently approach a legal absurdity. See Potter's Dwarris, pp. 143 to 146, as to American rules of construction; 1 Story, Constitution, § 400. It cannot well be supposed that it was intended to confer greater powers upon the several judges of this court than upon the court itself, and especially to give the single judges power to compel the court to hear and determine such matters in all cases, by making the process returnable before the court. No reason has been pointed out for such a grant, and reliance is had solely upon what is contended to be the correct interpretation of the clause quoted. We are of the opinion that the fair meaning of the whole section gives the court original jurisdiction to issue the writ or make the order *nisi* in all cases.

It is also contended that the lower court had no jurisdiction in this case because the defendant was tried upon an information. In support of this, petitioner argues that as § 2, article 1, of the state·constitution reads, "the constitution of the United States is the supreme law of the land," and as the constitution provides no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury, that there is no authority to try persons in this state for such offenses upon information, claiming that the provisions in our constitution relating to prosecutions by information, and to dispensing with grand juries, are of lesser force and must yield to § 2, quoted. In further support of this position he cites to § 4 of the enabling act, requiring the constitutional convention to declare on behalf of the people that they adopted the constitution of the United States. It is manifest, however, that § 2 only relates to those matters wherein the general government assumes to control the individual states, and the requirement of a presentment by a grand jury is not one of them. That it was not intended to carry the principle further than this in our constitution is apparent in the light of its other pro-

visions. Nor can it be supposed that congress undertook
or intended to impose upon the newer states any restric-
tions additional to those placed upon the older ones. In
fact, § 8 of the enabling act expressly declares that they
should be admitted to the Union on an equal footing with
the original states. As to construction, see Story on the
Constitution, vol. 1, §§ 402–5; Cooley, Const. Lim. (5th
ed.), p. 26. *Walker v. Sauvinet*, 92 U. S. 90; *Twitchell v.
Commonwealth*, 7 Wall. 321.

Petitioner further contends that § 7 of the act found at
page 100, Session Laws 1889–90, dispensing with grand
juries unless ordered by the judge, is void, as not being
within the title to the act, which only relates to proceed-
ings by information, and he also claims it is another and
distinct subject. To support this our attention is called
to § 19, article 2 of our state constitution, which provides:
" No bill shall embrace more than one subject and that
shall be expressed in the title," and to *Harland v. Territory*,
3 Wash. T. 131; but we are all of the opinion the section
of the act referred to is within the title, as in providing
for proceedings by information the necessity for a grand
jury was dispensed with, and the same act, consequently,
could very well provide grand jurors should not be sum-
moned, except in the contingency there mentioned. Nor
does it bring another subject into the act in the sense
contemplated by the constitutional provision referred to,
it not being within the spirit or reason of the prohibi-
tion. The subject being in relation to prosecutions for
crimes, the matters there legislated upon were all prop-
erly included in the act.

It is further urged that the crime of rape is not a stat-
utory offense in this state. That code § 812 was repealed
by a subsequent law enacted in 1886, see Session Laws
1885–6, page 84, § 1, which, under the decision of the ter-
ritorial supreme court in *Harland v. Territory*, is void, it
having been entitled only as an act to amend § 812 of the

code, but that § 2 of said act, which contains the repealing clause, is valid, as it being in favor of defendants in criminal prosecutions it is entitled to a more liberal holding. The weight of authority is entirely against the petitioner. If the act is void as claimed, it is invalid for all purposes, and code § 812 is still in force. Even if there was no statute upon the subject, rape would still be an offense at common law.

Petitioner claims if the code provisions relating to *habeas corpus* do apply to this court, that we are not prevented from issuing the writ in this case by subdivision 1 of § 677, which prohibits inquiry into the legality of any commitment issued on a final judgment of a court of competent jurisdiction. He claims the lower court, by reason of alleged errors, lost jurisdiction of defendant's person, and that the writ can issue in all cases where such jurisdiction is wanting. But we are of the opinion said provision does not mean that the writ will lie where the court did not have and maintain such jurisdiction by regular process and proceedings, but means a court competent to exercise jurisdiction in the premises. In such cases, defendants must be left to the remedy by appeal. *Ex parte Williams*, 1 Wash. T. 240.

Here the superior court had jurisdiction of the offense charged, and, for that matter, it appears of defendant's person as well. Were any irregularities found in its proceedings we could not review them in this way. The authorities cited by petitioner, where a different rule prevails, were founded upon statutory provisions essentially differing from our own.

The writ is denied.

ANDERS, C. J., and HOYT, STILES and DUNBAR, JJ., concur.