[No. 471. Decided February 3, 1892.]

## In the Matter of the Application of LEONARD PERMSTICK for a Writ of Habeas Corpus.

COSTS—LIABILITY FOR ON MALICIOUS PROSECUTION—COMMITMENT UNDER VOID JUDGMENT—HABEAS CORPUS.

A jury in a criminal case has no authority, on the acquittal of defendant, to find that the complaint was malicious and without probable cause, and a judgment on such verdict, that the complaining witness pay the costs of the trial and stand committed to the county jail until payment, is void.

The fact that a party has a right of appeal from a judgment against him in a criminal action does not estop him from maintaining an application for a writ of *habeas corpus* where the court which rendered the judgment under which he is held had no jurisdiction over the subject-matter.

*Original Application for Habeas Corpus.*

*A. J. Hanlon,* for petitioner.

*James A. Haight,* and *W. H. Snell,* for respondent.

The opinion of the court was delivered by

STILES, J.—The petitioner is confined in the jail of Pierce county under a commitment of the superior court, which recites that in the case of The State *v.* Locke petitioner was the complaining witness; that the jury trying Locke had returned the following as their verdict, viz., "We, the jury in the above entitled cause, do find the defendant, George Locke, not guilty; and we further find that the complaining witness in the cause is Leonard Permstick, and that the complaint was malicious and without probable cause," and that thereupon a judgment was entered upon the verdict that the petitioner pay the costs of the trial, $275.85, and stand committed to the jail of the county until payment.

We are of the opinion that this judgment was void, and that petitioner is entitled to his discharge. The judgment is justified by reference to § 2103, Code of 1881; but an inspection of that section does not bear out the claim asserted under it. The provision there made is applicable only to cases of examinations before committing magistrates. A "charge," a "complaint" and an "examination" are spoken of, which do not apply, in the sense intended, to an indictment or an information, and the proceedings thereunder. It is true that a "judgment or *verdict*" are mentioned, in which it shall be designated who is the complainant, but in the same clause it is prescribed that the "court, justice of the peace or other magistrate" shall decide whether the complaint was frivolous or malicious; none of these magistrates find verdicts, and we must suppose the use of the term to have been an inadvertence. Perhaps a better reason, however, why § 2103 should not be sustained in this case is that § 966 was evidently intended by the legislature to cover all criminal cases triable by jury, and two things are at once observed as markedly prominent in that section: (1) That the court, upon failure of the prosecution, is to be satisfied from all the circumstances that the action of the complainant was malicious or without probable cause. (2) That imprisonment until the costs are paid is not a part of the judgment there permitted. The jury in all criminal cases are in the box for but one purpose, viz., to say whether or not the accused is guilty; and in this state that fact is emphasized by a statute (§ 1103) which prescribes a form of verdict covering but the one alternative, which they must decide.

We do not find it necessary to pass upon two constitutional questions raised here, viz., whether the petitioner had due process of law, and whether he is imprisoned for debt. They will be interesting when occasion arises requiring their discussion.

43—3 WASH.

The petitioner is not estopped to maintain this proceeding by the fact that he might have appealed from the judgment against him.    The writ of *habeas corpus* is allowable in cases where the court which rendered the judgment under which the person is held was not a court of competent jurisdiction; or the party may appeal if he sees fit.    It was suggested that the case *In re Rafferty,* 1 Wash. 382 (25 Pac. Rep. 465), has some bearing upon this point.    But it is not so. In the *Rafferty* case it was sought to have this court inquire into and pass upon the question whether the superior court had jurisdiction of the petitioner's person, that is, whether its proceedings were regular, nothing of which was disclosed by the judgment or could be inquired into on *habeas corpus.*    So, in the *Lybarger* case, 2 Wash. 131 (25 Pac. Rep. 1075), we were asked to pass upon the question whether the procedure by information was a lawful mode of obtaining conviction, and we there stated the limit of the rule thus:

" When the officer returns as his authority for holding a prisoner a commitment which shows upon its face that such person is committed by a court of general jurisdiction in pursuance of its final judgment for a crime triable by such court, we think he has brought himself within the provision of our statute, and that the courts are, by the terms thereof, precluded from inquiring further into the cause of detention."

As applied to that case, enough was said; but in this one the qualification that the cause was triable by the court must be extended to cover the condition that the court's judgment was one which, under the law, it had jurisdiction to render.    In this case the commitment shows on its face that the prisoner is detained for a cause not recognized by the law as ground for a judgment of imprisonment, and therefore not within the possible jurisdiction of any court. The case of *People ex rel. Tweed v. Liscomb,* 60 N. Y. 559; 19 Am. Rep. 211, clearly and at length discusses both the ques-

tion of the right to *habeas corpus* in addition to that of appeal, and that of the competency of courts in suchcases.

Let the writ issue and the petitioner be discharged.

ANDERS, C. J., and SCOTT, DUNBAR and HOYT, JJ., concur.