[No. 875.   Decided March 1, 1893.]

JOHN STEINER, *Petitioner*, v. GEORGE NERTON, *Respondent*.

HABEAS CORPUS — GROUNDS FOR WRIT — FORMER JEOPARDY.

The supreme court cannot, upon an application for *habeas corpus,* pass upon the question of former jeopardy of the petitioner, but such plea must be raised and tried in the lower court; nor can jurisdiction to determine such question be conferred upon the supreme court by stipulation accompanying the petition for *habeas corpus.*

*Original Application for Habeas Corpus.*

*Metcalf & Metcalf*, and *Dell Stuart*, for petitioner.
*C. D. Bowles*, and *A. L. Miller*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The petitioner was indicted and pleaded "not guilty." A jury was empaneled, and the case went to trial. During the examination of the first witness for the state, on his examination in chief, and before the defendant was permitted to cross-examine him, and before any other witness had been introduced, offered, sworn or examined, the state moved the court to quash and dismiss the indictment and to permit it to file an information against the defendant, for the purpose of making what was deemed by the prosecuting attorney a material allegation in the information, which had been omitted in the indictment under which the state was then proceeding. The defendant, petitioner herein, opposed said motion. The court, however, sustained the motion, and the jury was discharged. Upon the filing of the information the court held the petitioner to bail in the sum of $3,000, and ordered that in default thereof he be committed to the county jail.

The contention of the petitioner is that his restraint under said order is illegal because he had been put in jeopardy by the proceedings under the first indictment, and because under the law he cannot twice be put in jeopardy for the same offense. This court, however, cannot pass upon the question of the former jeopardy upon a petition for a writ of *habeas corpus;* and the legality of the proceedings under which he is restrained of his liberty is not called in question by the petition. The information is not assailed, and the subsequent proceedings seem to be regular. If the petitioner has been before in jeopardy for the same offense,

that is a proper plea in bar, to be tried by the court, and, from the decision of which, an appeal would lie to this court. A stipulation accompanying the petition cannot confer jurisdiction on this court in a *habeas corpus* case.

The petition is, therefore, denied.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.