[No. 2840. Decided May 10, 1898.]

*In the Matter of the Application of* ANNIE BARBEE *et al., for a Writ of Habeas Corpus.*

COMMITTMENT TO REFORM SCHOOL — JURISDICTION OF MUNICIPAL COURT.

A municipal court being, under the constitution, an inferior court, and, under the statute, having concurrent jurisdiction with justice courts only, such municipal court has no jurisdiction to commit a child between the ages of eight and sixteen years to the reform school, but is merely authorized to send such child, when found guilty of any crime, mendicancy, vagrancy or incorrigibility to the superior court for further trial, under Laws 1891, p. 195 (Bal. Code, §§ 2721-2727), providing that when such a child is found guilty, in any court of record in this state, of any crime except murder or manslaughter, or is growing up in mendicancy or vagrancy or is incorrigible, the court may in its judgment send such child to the state reform school; and, further, if such child shall be convicted before a justice of the peace or other inferior court of any crime, mendicancy, vagrancy or incorrigibility, it shall be the duty of said magistrate to send such child, with all papers filed in his office forthwith to a judge of a court of record for further proceedings.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*Del Cary Smith,* and *Fenton & O'Brien,* for appellants.

*John A. Pierce,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant, R. L. Barbee, made complaint in writing under oath to the municipal court of

Spokane, charging appellant Annie Barbee, his daughter, with incorrigibility. A warrant for the arrest of said Annie was issued upon said complaint and she was brought before the judge of said municipal court for examination, and said court thereupon heard the testimony of witnesses both in behalf of the state and said appellant and upon the evidence adduced adjudged the complaint to be sustained, and thereupon entered an order that the said Annie Barbee be committed to the state reform school at Chehalis. A copy of said order was delivered to the sheriff of Spokane county as his warrant for carrying the said Annie to said institution and he thereupon, in execution of said warrant, took her into custody. Immediately thereafter, the appellants filed in the superior court of Spokane county their petition for a writ of habeas corpus. The writ was granted returnable before the Hon. L. H. PRATHER, one of the judges of said superior court. In obedience to the writ, the said sheriff made his return to the effect that he held the said Annie Barbee by virtue of an order issued by the judge of the municipal court of Spokane committing the said Annie Barbee to the state reform school. The appellants demurred to said return and the same was overruled by the court. Thereafter the cause came on for hearing before the said superior court upon the petition for the writ, and the court, after hearing the arguments of counsel for and against the petition, rendered judgment denying the writ and remanding the appellant, Annie Barbee, to the custody of the sheriff. From this judgment and order this appeal is prosecuted. Our statute relating to habeas corpus provides that

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

1. Upon any process issued on any final judgment of a court of competent jurisdiction." 2 Hill's Code, § 722 (Bal. Code, § 5826).

The only question, therefore, to be determined is whether the municipal court had jurisdiction to make the final order committing the said Annie Barbee to the state reform school, for if it had such jurisdiction the judgment of the trial court must be affirmed. Errors and irregularities in the procedure in the trial court cannot be inquired into by habeas corpus, unless they are such as to affect the power or jurisdiction of the court to act in the case. Such matters can only be corrected by appeal or some other appropriate remedy. 9 Am. & Eng. Enc. Law, p. 227, and notes; *In re Rafferty*, 1 Wash. 382 (25 Pac. 455); *In re Lybarger*, 2 Wash. 131 (25 Pac. 1075).

The act creating municipal courts made them courts of record, and granted them jurisdiction

" 1. Of any and all offenses under any ordinance of their respective cities. 2. Of all criminal offenses under the laws of the state of Washington, charged to have been committed within their respective cities, less than a felony. 3. The judges of said courts shall have all the powers of a committing magistrate as to all offenses committed within their respective cities,"

and provided that

" Wherever the jurisdiction hereby conferred may be exercised by other courts, under the constitution and laws of this state, the jurisdiction hereby conferred shall be deemed to be concurrent with such other courts." Laws 1891, p. 108 (Bal. Code, § 744).

The effect of the provision last above quoted is to give these courts concurrent jurisdiction with justice courts. And this is further shown by § 4 of the act (Bal. Code, § 746), which provides for a change of venue from the

municipal to the proper justice court. It is claimed by the learned prosecuting attorney for Spokane county, who has filed a brief in answer to that of the appellants, that inasmuch as the act providing for the committing of juvenile offenders to the state reform school (Laws 1891, p. 195) was passed after the act declaring municipal courts to be courts of record went into effect, and confers jurisdiction to commit juvenile offenders to the reform school upon any court of record, it necessarily follows that the municipal court of Spokane was competent to make the order of which appellants here complain. This argument is based on § 1 of the act (Bal. Code, § 2721), which reads as follows:

" When a boy or girl of sane mind between the ages of eight and sixteen years shall, in any court of record in this state, be found guilty of any crime except murder or manslaughter, or who for want of proper paternal care is growing up in mendicancy or vagrancy, or is incorrigible, and complaint thereof is made and properly sustained, the court may, if in its opinion the accused is a proper subject therefor, instead of entering judgment cause an order to be entered that said boy or girl be sent to the state reform school, in pursuance of the provisions of this act, and a copy of said order under the seal of said court shall be sufficient warrant for carrying said boy or girl to the said school, and for his or her commitment to the custody of the superintendent thereof."

We think it will appear from a careful consideration of that section that it was the intention of the legislature to provide for committing juvenile offenders to the reform school in either of two separate and distinct classes of cases. One is where complaint is made of incorrigibility, mendicancy or vagrancy, and is properly sustained, and the other where a boy or girl of the age specified has been tried and found guilty of any *crime* except murder or manslaughter, that is, of any other crime included in the

category of felonies prescribed in the criminal statutes
of the state. For instance, if the accused should be tried
and found guilty of burglary, arson, grand larceny, or any
other known felony, the judge of the court is vested with
discretion either to sentence him or her to the penitentiary
or to commit him or her to the reform school. And it
is hardly to be supposed that the legislature intended to
confer jurisdiction upon municipal courts to try such
offenses, especially as jurisdiction of felonies was expressly
withheld from such courts, as we have seen, by the act
which created them. Such crimes as felonies can only be
tried in the superior court and upon indictment or infor-
mation. Indeed, if the legislature had by express enact-
ment conferred jurisdiction of such offenses upon municipal
courts the act would have been unconstitutional and void.
*Commonwealth v. Horregan*, 127 Mass. 450. We think
the words, " in any court of record in this state," must
mean any court in which the crimes of murder and man-
slaughter, as well as other felonies, are triable. The mu-
nicipal court is not such a one and we are, therefore, of
the opinion that jurisdiction was not conferred upon it
by this section to make the order complained of. Nor
did it have jurisdiction to make such an order by virtue
of any other section, or part, of the act, as we will pres-
ently see. The judicial power of this state is vested in a
supreme court, superior courts, justices of the peace and
such *inferior courts* as the legislature may provide. Con-
stitution, § 1, art. 4. Municipal courts, under the con-
stitution, are manifestly *inferior courts*, for the legislature
is empowered by that instrument to provide no other.
Section 2 of the act (Bal. Code, § 2722) provides that

" When a boy or girl . . . between the ages of
eight and sixteen years shall be convicted before a justice
of the peace or other inferior court of any crime, mendi-

cancy, vagrancy or incorrigibility, it shall be the duty of said magistrate before whom he or she may be convicted to forthwith send such boy or girl, together with all the papers filed in his office upon the subject, under the control of some officer, to a judge of a court of record. He shall then issue an order to the parent or guardian of said boy or girl, or such person as may have him or her in charge, or with whom he or she has last resided, or any one known to be near related to him or her, or if she or he be alone and friendless then to such person said judge may appoint to act as guardian for the purposes of the cases, requiring him or her to appear at the time and place stated in said order to show cause why said boy or girl should not be committed to the said state reform school for training and reformation."

Section 3 (Bal. Code, § 2723) provides for the service by the sheriff, or other qualified officer, of the order, and § 4 (Bal. Code, § 2724) provides that

" At the time and place mentioned in said order, or at the time and place to which it may be adjourned, if the parent or guardian to whom said order may be addressed shall appear, then in his or her presence, or if he or she fail to appear, then in the presence of some competent person whom the said judge shall appoint as guardian for the purposes of the case, it shall be lawful for the said judge to proceed to take the voluntary examination of said boy or girl, and to hear the statements of the party appearing for him or her and such testimony in relation to the case as may be produced, and if upon such examination and hearing the said judge shall be satisfied that the boy or girl is a fit subject for the state reform school, he may commit him or her to said school by warrant."

Now, it is evident that the words " or other inferior court," found in § 2 can refer, so far at least as this case is concerned, to no other than the municipal court; and it will be observed that, while this court, like a justice of the peace, has jurisdiction under such a complaint as is

here under consideration, in the capacity of a committing magistrate, to send the party charged to a court of record for examination, it has no jurisdiction to make a final order in the premises committing him or her to the reform school. That power is confided solely to the superior judge.

For the foregoing reasons we are of the opinion that the judgment of the court below should be reversed and the appellant, Annie Barbee, discharged, and it is so ordered.

Scott, C. J., and Reavis, Dunbar and Gordon, JJ., concur.