[No. 5726. Decided September 26, 1905.]

*In the Matter of the Application of* CHARLES B. RUSSELL *for a Writ of Habeas Corpus.*

CHARLES B. RUSSELL, *Appellant,* v. A. F. KEES, *Respondent.*[1]

HABEAS CORPUS—JUDGMENT OF CONVICTION—CONCLUSIVENESS—OFFENSE COMMITTED ON MILITARY RESERVATION—PLEA OF GUILTY—WANT OF JURISDICTION NOT APPEARING IN RECORD. A conviction, upon a plea of guilty, of an offense in a certain county, is conclusive upon application for a writ of habeas corpus, and 'cannot be attacked by evidence that the crime was committed on a United States military reservation in said county, over which the state court, in which the conviction was had, had no jurisdiction, where there was nothing before that court to show the fact claimed; since the petitioner waived the defense and is concluded by his plea of guilty and the judgment of conviction.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered May 11, 1905, remanding a prisoner to the state penitentiary, after a hearing on the merits on his application for a writ of habeas corpus. Affirmed.

*Oscar Cain,* for appellant.

*Lester S. Wilson,* for respondent.

CROW, J.—On September 10, 1904, an information was filed in the superior court for Clarke county, charging appellant, Charles B. Russell, with stealing one head of neat cattle, and upon a plea of guilty, he was sentenced to a term of three years in the penitentiary at Walla Walla, where he is now confined, serving said sentence. On May 11, 1905, appellant applied, by petition, to the superior court for Walla Walla county, for a writ of habeas corpus, claiming that he was illegally restrained of his liberty by respondent A. F. Kees, warden of the state penitentiary,

1Reported in 82 Pac. 290.

and alleging that the crime for which he was serving sentence had been committed upon the United States military reservation, in said Clarke county, over which the superior court of said county had no jurisdiction.

A writ having been issued, respondent made return thereto, showing that an information had been filed in the superior court of Clarke county, charging appellant with stealing one head of neat cattle in said county; that appellant had been duly arraigned and pleaded guilty; that thereupon said court entered judgment, imposing upon him a sentence of three years in the state penitentiary at Walla Walla; that the sheriff of Clarke county had delivered the person of said Russell to the warden of said penitentiary, together with a warrant of commitment, issued out of said superior court of Clarke county; and that respondent, as warden of said penitentiary, was holding appellant under said judgment, sentence, and commitment.

Certified copies of the information, arraignment, plea of guilty, judgment, sentence, and commitment, which are attached to respondent's return as a part thereof, and not denied, show all of said proceedings to have been regularly and legally had and conducted, in and by a court of competent jurisdiction. No reference is made therein to any military reservation, but such records simply show the crime to have been committed in Clarke county. Upon the hearing, the superior court of Walla Walla county refused to discharge the appellant, but remanded him to the custody of respondent, and this appeal has been taken.

Upon the hearing, appellant offered evidence tending to show that he had stolen said one head of neat cattle upon the United States military reservation, in Clarke county, and said evidence was admitted by the trial court, subject to objection, for the benefit of either party upon appeal. The record fails to show affirmatively that the trial judge considered said evidence, but appellant contends it was not considered. Appellant's purpose in offering said evidence

was to support the claim made by him that the superior court of Clarke county had no jurisdiction of the crime charged, for the reason that it was committed upon said United States military reservation, appellant relying on subd. 17, § 8 of art. 1, of the constitution of the United States, and § 1 of art. 25, of the constitution of the state of Washington, to show such want of jurisdiction. Respondent objected to said evidence, for the reason that it made a collateral attack upon the final judgment of a court of competent jurisdiction, in violation of Bal. Code, § 5826, which provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: (1) Upon any process issued on any final judgment of a court of competent jurisdiction. . . ."

As the record of the conviction and commitment of appellant appears upon its face to have been regular, and had in a court of competent jurisdiction, we think respondent's objection was well taken, and that said commitment, issued on said final judgment of said superior court of Clarke county, was conclusive as against appellant. *In re Lybarger,* 2 Wash. 131, 25 Pac. 1075; *In re Nolan,* 21 Wash. 395, 58 Pac. 222; *Smith v. Hess,* 91 Ind. 424. This court, speaking through Hoyt, J., in *In re Lybarger,* said:

"When the officer returns as his authority for holding a prisoner a commitment which shows upon its face that such person is committed by a court of general jurisdiction in pursuance of its final judgment for a crime triable by such court, we think he has brought himself within the provisions of our statute, and that the courts are, by the terms thereof, precluded from inquiring further into the cause of detention; and that neither by having the record set out in the petition, nor by bringing it here by certiorari, can this court look therein to see whether or not the court had jurisdiction in that particular case."

The state of Indiana, in its habeas corpus act, has the same provision as Bal. Code, § 5826, *supra*, and in *Smith v. Hess, supra*, the supreme court of that state says:

"A judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of habeas corpus."

Appellant insists that, in showing said crime to have been committed on the military reservation, he did not contradict the record, as such reservation is situated within Clarke county, in which the venue of the crime was laid; that by said evidence he only sought to show there is a portion of Clarke county over which the courts of the state can exercise no criminal jurisdiction, a fact consistent with every statement of the record. We fail to see any merit in this contention, for, after all, appellant only seeks by evidence of extrinsic facts to attack the jurisdiction of the court, which he cannot be permitted to do. On his trial he might have made a defense to the charge contained in said information, based on facts involved in the claim now presented by him; but, when he pleaded guilty, he waived that defense, and placed himself in the same position he would have occupied had he been convicted by the verdict of a jury and failed to appeal from a judgment entered upon said verdict. The court had jurisdiction of the subject-matter, and also of appellant's person. The question as to where, in Clarke county, the crime was committed, or whether it was committed in said county at all, was an issue of fact to be determined by a jury, on a trial had on said information. Such question did not affect the jurisdiction of the court over either the subject-matter, or the person of appellant, and, having pleaded guilty, he is now in no position to raise any question on an application for a writ of habeas corpus as to the jurisdiction of the court over the *place* where the crime was committed.

Speaking of jurisdiction, Church, in his work on Habeas Corpus, at § 368, says:

"While the writ of habeas corpus cannot be made to take the place of a writ of error, appeal, or certiorari, and cannot have the force or effect of those proceedings, jurisdiction of the person, place, and subject-matter, at least, must exist in order to make a valid judgment, and if either is wanting, the judgment is void, and the imprisonment without authority of law. The question of jurisdiction over the subject-matter is one of fact, to be proved or admitted, as any other fact alleged. Ordinarily, in criminal trials, the jurisdiction of the court over the place where the offense is alleged to have been committed is assumed. If admitted by pleading over, that ends the matter. If traversed, and the jury find that the prisoner committed the offense within the jurisdiction of the court, as alleged, the defendant cannot impeach that finding on habeas corpus by showing that the place where the offense was committed is without the said territorial limits."

See, also, *In the Matter of Francis Robert Newton*, 16 Common Bench 96, in which the first syllabus, which states the substance of the opinion of the court, reads as follows:

"This court has no power to grant a habeas corpus to bring up a prisoner who has been convicted at the central criminal court, on the ground that the offense charged was committed at a place out of the jurisdiction of that court."

In *Ex Parte Terry* (Kan.), 80 Pac. 586, the supreme court of Kansas says:

"Testimony was offered in this proceeding tending to show that the petitioner was not guilty of the offense of which he was convicted; that it was in fact committed in a county other than the one named in the complaint. His plea of guilty was an acknowledgment of the charge made against him, and, even if this were an appeal, the inquiry would be limited to whether the facts charged constituted an offense, and whether the sentence imposed was within the limits fixed by the statute. Certainly the judgment cannot be set aside and the case retried on habeas corpus."

In *Ex Parte Edgington,* 10 Nev. 215, the petitioner was found guilty of conducting a quartz mill in Virginia City without obtaining a license, as required by an ordinance of said city, and was imprisoned in pursuance of such conviction. On the hearing of his petition for a writ of habeas corpus, proof was introduced tending to show that his quartz mill was outside of the limits of said city, and that he was not liable for said license. The supreme court of Nevada, in refusing a writ of habeas corpus, said:

"The petition for the writ of habeas corpus in this case, and the return thereto, to which there is no exception, shows that the petitioner is detained in custody by virtue of a final judgment of a justice of the peace of Virginia City, convicting him of violating an ordinance of that corporation. It is conceded that the justice of the peace had jurisdiction of the offense charged, as well as of the prisoner, and that a legal ordinance authorizes the judgment. Such being the case, it is made our imperative duty to remand the prisoner by the plain terms of our habeas corpus act (1 Compiled Laws, Sec. 367), and we cannot, without pronouncing an extra-judicial opinion, undertake to decide whether the business of the petitioner was carried on within the corporate limits of Virginia City or not. That was a question to be decided on the trial, and if it was decided erroneously in point either of law or fact, the remedy is by appeal and not by habeas corpus."

The section referred to by the Nevada court as § 367 is almost identical with said Bal. Code, section 5826, *supra,* the Nevada statute providing that it shall be the duty of the judge to remand the petitioner if it shall appear that he is detained in custody by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree.

We are of opinion that the proceedings of the superior court of Clarke county, as shown by respondent's return, were conclusive in this proceeding as against appellant. The judgment is affirmed.

Mount, C. J., Root, Hadley, and Dunbar, JJ., concur.