[No. 8467.  *En Banc.*  December 18, 1909.]

*In the Matter of the Application of* SUSAN S. NEWCOMB,
*for a Writ of Habeas Corpus for Charles F. Newcomb.*[1]

HABEAS CORPUS—GROUNDS—CORRECTION OF ERROR. Habeas corpus
does not lie to review or correct error, under Bal. Code, § 5826, pro-
viding that the legality of any judgment or process, whereby a party
is in custody shall not be inquired into or the party discharged when
the term of commitment has not expired upon any process issued
on a final judgment of a court of competent jurisdiction.

SAME — ERRORS NOT AFFECTING JURISDICTION — DRAWING JURY.
Error in drawing and selecting a jury does not go to the jurisdiction
of the court so as to entitle the defendant to a discharge on a writ
of habeas corpus.

SAME—COURTS—JURISDICTION—DEPARTMENTS.   There being but
one superior court in a county, the fact that preliminary orders were
made by judges other than the judge before whom the trial was
had does not affect the jurisdiction of the court so as to entitle the
defendant to a discharge on habeas corpus.

STATUTES—CRIMINAL LAW—OPERATION—TIME OF TAKING EFFECT—
EX POST FACTO LAWS. The new criminal code (Laws 1909, p. 890),
having provided in § 42 that nothing contained in any provision of
the act shall apply to an offense committed or act done before the
day when the act shall take effect, the former law (Bal. Code, § 7035)
defining murder in the first degree was in full force and effect on
May 14, 1909, although its prospective operation ceased after the
taking effect of the new code; and no question of *ex post facto* laws
can arise on a prosecution under the old law for an offense com-
mitted on that date.

HABEAS CORPUS—CORRECTION OF ERROR—JURISDICTION—FORCE OR
VALIDITY OF STATUTES—RIGHT TO WRIT. Where the superior court
having jurisdiction of an offense decided that the law defining the
offense had not been repealed and was in force when the act was
committed, the decision is within its jurisdiction, even if erroneous,
and its final judgment is not void and cannot be questioned on a
writ of habeas corpus, the remedy being by appeal, and this rule
satisfies all the constitutional guaranties respecting the writ.

Application filed in the supreme court November 12, 1909,
for a writ of habeas corpus to release a person held in custody

'Reported in 105 Pac. 1042.

upon conviction of the crime of murder in the first degree.
Denied.

*Murray & Lefebvre, A. A. Howell,* and *J. Matthew Murray* (*Louis I. Lefebvre,* of counsel), for petitioner.

*The Attorney General* and *J. L. McMurray,* for respondent.

RUDKIN, C. J.—Charles F. Newcomb was convicted of the crime of murder in the first degree, in the superior court of Pierce county, and is now in custody on process issued on the final judgment of that court. He has petitioned this court for a writ of habeas corpus, alleging that his restraint and imprisonment are illegal in this: first, because the jury law of 1909, Laws of 1909, p. 131, under which the jury was drawn and selected, is unconstitutional; second, because Department No. 3 of the superior court of Pierce county, presided over by Judge Chapman, had no jurisdiction to try him; and third, because on the 14th day of May, 1909, the date of the homicide, there was no law in this state defining or prescribing punishment for the crime of murder. Errors and irregularities such as those complained of cannot be inquired into or corrected on an application of this kind. Our statute provides that,

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him, when the term of commitment has not expired, in either of the cases following: (1) Upon any process issued on any final judgment of a court of competent jurisdiction. . . . (3) Upon a warrant issued from the superior court upon an indictment or information." Bal. Code, § 5826.

"A *habeas corpus* is not a writ of error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it. On a *habeas corpus,* the judgment of even a subordinate court cannot be disregarded, reversed, or set aside, however clearly we may perceive it to be erroneous, and however plain it may be that we ought to

reverse it if it were before us on appeal or writ of error. . We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision. We decided this three years ago at Sunbury, in a case which we all thought one of much hardship. But the rule is so familiar, so universally acknowledged, and so reasonable in itself, that it requires only to be stated." *Passmore Williamson's Case*, 26 Pa. St. 1. See, also, *Ex parte Winston*, 9 Nev. 71.

All the courts acknowledge the existence and binding force of this general rule, but when we come to consider what constitutes error and what constitutes a want of jurisdiction they differ widely. The error complained of in the matter of drawing and selecting the jury manifestly did not go to the jurisdiction of the court, and cannot be considered at this time. *United States v. Gale*, 109 U. S. 65; *In re Wilson*, 140 U. S. 575; *Younger v. Hehn*, 12 Wyo. 289, 75 Pac. 443, 109 Am. St. 986; *In re Barbee*, 19 Wash. 306, 53 Pac. 155.

The objection to the jurisdiction of Judge Chapman is equally untenable. There is but one superior court of Pierce county, and all the judges of that court are equal in authority. The entire trial took place before Judge Chapman, and the fact that preliminary orders were made by other judges or in other departments is immaterial and did not affect the jurisdiction of the court.

Numerous questions have been discussed under the contention that there was no law in this state on May 14th of this year, defining or prescribing punishment for the crime of murder. We do not deem it proper to go into that question at this time, further than is necessary to present the question with which the trial court was confronted. Bal. Code, § 7035, defining the crime of murder in the first degree, was in full force and effect on that date, but its prospective operation as a law ceased, as soon as the new criminal code took effect, ninety days after the adjournment of the legislature. There is no question of *ex post facto* laws in this

case.   Section 42 of the new criminal code (Laws 1909, p. 890, ch. 249) expressly provides that, "Nothing contained in any provision of this act shall apply to an offense committed or act done at any time before the day when this act shall take effect"; and in the light of this provision, any discussion of the constitutionality of *ex post facto* laws is beside the question.

The question, and the only question before the trial court on this branch of the case, was this: Was Bal. Code, § 7035, continued in force, as to the particular offense here involved, by virtue of either the saving clause found in § 42 of the new criminal code, or the general saving clause enacted at the extraordinary session of 1901, Laws of 1901, Special Session, p. 13? The superior court was vested with full and complete jurisdiction to determine that question, and whether its determination was right or wrong its jurisdiction to hear the case continued and its final judgment is not void.   The authorities are by no means agreed upon the proposition, but in our opinion, if a court of general jurisdiction determines a question of law or fact, properly before it in the exercise of its acknowledged jurisdiction, its determination cannot be void, however erroneous it may be.

In *Ex parte Watkins*, 28 U. S. 193, Chief Justice Marshall said:

"An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous.   The circuit court for the district of Columbia is a court of record, having a general jurisdiction over criminal cases.   An offense cognizable in any court, is cognizable in that court.   If the offense be punishable by law, that court is competent to inflict the punishment.   The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have.   To determine whether the offense charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties.   The decision of this question is the exercise of jurisdiction, whether the judgment be for or

against the prisoner. The judgment is equally binding in the one case and in the other; and must remain in full force, unless reversed regularly by a superior court, capable of reversing it. If this judgment be obligatory, no court can look behind it. If it be a nullity, the officer who obeys it is guilty of false imprisonment. Would the counsel for the prisoner attempt to maintain this position? . . . The judgment of the circuit court, in a criminal case, is, of itself, evidence of its own legality, and requires for its support, no inspection of the indictment on which it is founded. The law trusts that court with the whole subject, and has not confided to this court the power of revising its decisions. We cannot usurp that power, by the instrumentality of the writ of *habeas corpus*. The judgment informs us, that the commitment is legal, and with that information, it is our duty to be satisfied."

In *Ex parte Parks*, 93 U. S. 18, Mr. Justice Bradley said:

"But the question whether it was or was not a crime within the statute was one which the district court was competent to decide. It was before the court, and within its jurisdiction. No other court, except the circuit court for the same district, having concurrent jurisdiction, was as competent to decide the question as the district court. Whether an act charged in an indictment is or is not a crime by the law which the court administers (in this case the statute law of the United States), is a question which has to be met at almost every stage of criminal proceedings; on motion to quash the indictment, on demurrers, on motions to arrest judgment, etc. The court may err, but it has jurisdiction of the question. If it errs, there is no remedy after final judgment, unless a writ of error lies to some superior court; and no such writ lies in this case. It would be an assumption of authority for this court, by means of the writ of *habeas corpus*, to review every case in which the defendant attempts to controvert the criminality of the offense charged in the indictment."

In *Commonwealth ex rel. Davis v. Lecky*, 1 Watts (Pa.) 66, 26 Am. Dec. 37, Chief Justice Gibson said:

"The *habeas corpus* is undoubtedly an immediate remedy. for every illegal imprisonment. But no imprisonment is illegal when the process is the justification of the officer; and

process, whether by writ or warrant, is legal whenever it is not defective in the form of it, and has issued in the ordinary course of justice from a court or magistrate having jurisdiction of the subject-matter, though there may have been error or irregularity in the proceedings previous to the issuing of it."

In the *Williamson* case, *supra*, Judge Black said:

"Every judgment *must* be conclusive until reversed. Such is the character, nature, and essence of all judgments. If it be not conclusive it is not a judgment. A court must either have power to settle a given question finally and forever, so as to preclude any further inquiry upon it, or else it has no power to make any decision at all. To say that a court may determine a matter, and that another court may regard the same matter afterwards as open and undetermined, is an absurdity in terms."

See, also, *Ex parte Bigelow*, 113 U. S. 328; *In re Belt*, 159 U. S. 95; *In re Eckart*, 166 U. S. 481.

We are aware that it has been said by high authority that the doctrine of *Ex parte Watkins* is no longer law in either the state or Federal courts. Church, Habeas Corpus (2d ed.), § 371, note 3. But the supreme court of the United States does not admit the accusation. The *Watkins* case was cited approvingly in the following cases: *Ex parte Parks*, 93 U. S. 18; *Ex parte Yarbrough*, 110 U. S. 651; *Ex parte Bigelow*, 113 U. S. 328; *In re Coy*, 127 U. S. 731; *In re Wilson*, 140 U. S. 575; *Noble v. Union River Logging R. Co.*, 147 U. S. 165.

In the *Coy* case it is intimated that the rule was stated too broadly in the *Watkins* case; and in the *Wilson* case it is said, "Subsequent decisions softened a little the rigor of the rule thus declared"; but no Federal case, so far as we are advised, has challenged its correctness beyond this, and we might add in our opinion it will be found much easier to disregard the decision than to meet the arguments by which it is supported. It must be confessed that we experience no little difficulty in harmonizing some of the decisions of the

supreme court of the United States on this question.   There
is at least apparent conflict between the *Watkins, Parks,* and
*Bigelow* cases, and *Ex parte Siebold,* 100 U. S. 371; *In re
Snow,* 120 U. S. 274; *In re Neilsen,* 131 U. S. 176, and other
cases that might be cited.   Thus, in *Ex parte Bigelow* it was
held that the question of former jeopardy could not be in-
quired into on habeas corpus, and such is the uniform holding
in all the state courts.   21 Cyc. 305, and cases cited, includ-
ing *Steiner v. Nerton,* 6 Wash. 23, 32 Pac. 1063, from this
court.   Nevertheless in *In re Neilsen* and *Ex parte Snow* the
contrary was held.   It may be that the latter cases can be
distinguished on the ground that the court was there exercis-
ing appellate jurisdiction, where the scope of the inquiry
under the writ is somewhat enlarged, as suggested by the
supreme court of Colorado, in *People ex rel. Attorney Gen-
eral v. District Court,* 26 Colo. 380, 58 Pac. 608, 46 L. R. A.
855; but if not, other courts and text writers are justified in
the conclusion that the cases are in direct conflict.   A further
review of these cases, or a further attempt on our part to
reconcile them, would serve no useful purpose.   Many courts
hold that habeas corpus will lie for the discharge of one held
under an unconstitutional statute, or a statute that has been
repealed.   We think, indeed, a majority of the more recent
cases so hold.   Nevertheless, there are many well-considered
cases holding the contrary, for reasons which to our minds
are unanswerable.   Thus in *In re Callicot,* 8 Blatch. (U. S.)
89, it was contended that the statute under which the peti-
tioner was held had been repealed before sentence was pro-
nounced, and that the petitioner was illegally deprived of his
liberty, but the court said:

"I have no jurisdiction to review the judgment of the cir-
cuit court of the United States for the eastern district of New
York.   That court had jurisdiction of the matters charged
in the indictment, and to determine whether the acts there
alleged constituted an offense against the laws of the United
States, and, by the aid of a jury, to try and determine whether

the petitioner was guilty of those acts. From the judgment of that tribunal, no appeal lies to me as judge. No writ of error lies to me; and, if my opinion was, that the learned judges by whom the court was held when the judgment was pronounced committed an error, I have no power to revise or reverse the judgment."

In *Platt v. Harrison*, 6 Iowa 79, 71 Am. Dec. 389, the court said:

"The argument is, that the ordinance was passed without authority of law, and was null and void. Whether it was or not, was a legitimate subject of inquiry by the magistrate, in the same manner as any other question which might be presented for his adjudication. And being determined by him, adverse to the position of the prisoner, his remedy was by appeal, or writ of error, and not by *habeas corpus*. It is not a case where a court has acted without having jurisdiction. On the contrary, the most that can be claimed is, that the magistrate *erred* in deciding that the ordinance was in force, and that the city had the power and authority to provide for the punishment of the offense. Such cases, we do not think, can be reviewed in this manner. The petitioner has a perfect, well defined, and complete remedy, in the regular and usual method of appeal. After conviction by a court having jurisdiction, though the conviction may be irregular or erroneous, the party is not entitled to this writ. The judgment and proceedings of another competent court, cannot be revised upon *habeas corpus*. This, we understand to be well settled."

In *Ex parte Winston, supra*, the court said:

"In the case under consideration the justice of the peace has not exceeded his jurisdiction. By the express provisions of the statute . . . the justice of the peace has original jurisdiction of the subject-matter. It was his duty to decide whether or not the law of 1861 had been repealed by implication or otherwise. In no other way could the question be raised. Such was the subject-matter with which he had to deal. That he had jurisdiction to determine this question cannot be denied. Such being the fact, his judgment may be erroneous but it cannot be void. If the justice erred, petitioner has his remedy by appeal to the district court. The

judgment of the justice is conclusive until reversed. It cannot be reviewed upon *habeas corpus.*"

See, also, *In re Underwood,* 30 Mich. 502; *Ex parte Fisher,* 6 Neb. 309; *Koepke v. Hill,* 157 Ind. 172, 60 N. E. 1039, 87 Am. St. 161; *People ex rel. Birkholz v. Jonas,* 173 Ill. 316, 50 N. E. 1051; *Petition of Semler,* 41 Wis. 517; *In re Pikulik,* 81 Wis. 158, 51 N. W. 261; *In re French,* 81 Wis. 579, 51 N. W. 960; *Parker v. State,* 5 Tex. App. 579; *Ex parte · Boenninghausen,* 91 Mo. 301, 1 S. W. 761; *People ex rel. Attorney General v. District Court, supra; People ex rel. Miller v. District Court,* 33 Colo. 328, 80 Pac. 888, 108 Am. St. 98.

Our own decisions are in harmony with these views, though doubtless conflicting statements may be found in some of the cases. *Ex parte Williams,* 1 Wash. Ter. 240; *In re Rafferty,* 1 Wash. 382, 25 Pac. 465; *In re Lybarger,* 2 Wash. 131, 25 Pac. 1075; *Steiner v. Nerton, supra; In re Barbee,* 19 Wash. 306, 53 Pac. 155; *In re Nolan,* 21 Wash. 395, 58 Pac. 222; *Smith v. Sullivan,* 33 Wash. 30, 73 Pac. 793; *In re Russell,* 40 Wash. 244, 82 Pac. 290, 111 Am. St. 910. In the *Permstick* case, 3 Wash. 672, 29 Pac. 350, 28 Am. St. 80, the judgment and commitment were void upon their face. In the *Dietrick* case, 32 Wash, 471, 73 Pac. 506, and other cases that might be cited, the question here discussed was not considered or decided.

After a full and exhaustive examination of the authorities, we are convinced that the judgment of the superior court of Pierce county is not void for any of the reasons assigned. That court had full and complete jurisdiction to determine every question here presented, and its determination is not and cannot be void. We are further of opinion that where a party is held in custody under process issued on the final judgment of a court of competent jurisdiction, or upon a warrant issued from the superior court upon an information or indictment, he is not entitled to his discharge on habeas corpus unless such process or judgment be void, and a judg-

ment is not void simply because the court decided erroneously some question properly before it and within its acknowledged jurisdiction. In habeas corpus matters we exercise original, not appellate jurisdiction, and, as well said in *Ex parte Fisher, supra:*

"To entertain jurisdiction in such case upon a writ of *habeas corpus,* it would be necessary to look beyond the judgment, and re-examine the charges upon which it was rendered, as well as to review the questions of law raised on the trial and decided by the inferior court. If such practice were to obtain, then indeed every conviction for a criminal offense might be brought here for review on a writ of *habeas corpus.* We think it is not within the province of this court to open the door to such a system of practice. And we are not prepared to say that, upon a writ of *habeas corpus,* we can look beyond the judgment and re-examine the charges upon which it was rendered, or to pronounce the judgment an absolute nullity on the ground that the constitutionality of the statute relative to the license law is controverted. If the validity of a statute is brought in question in an inferior court on the trial of a cause, that question must finally be determined in the same mode as other legal questions arising on the trial of causes in such court—that is, by proceedings in error or appeal, as may be most appropriate and allowable by law."

To say that an unconstitutional law or a repealed law is no law is both logical and sound, but to say that a judgment of a court of competent jurisdiction is no judgment, because some question of law properly before it was decided erroneously, is, in our opinion, a *non sequitur.* The rule here announced fully satisfies the constitutional guaranties respecting the writ of habeas corpus, and prescribes an orderly system for the administration of public justice. The application for the writ is accordingly denied.

ALL CONCUR.