## IN RE SHAFFER.

(No. 5,508.)

(Submitted May 22, 1924. Decided June 14, 1924.)

[227 Pac. 37.]

*Habeas Corpus—Indians—Want of Jurisdiction—Plea of Guilty —Judgment—Collateral Attack.*

Habeas Corpus—When Presumption of Jurisdiction Conclusive.
  1.  On application for writ of *habeas corpus*, which presents the inquiry whether the trial court had jurisdiction of the subject matter of the prosecution and of the defendant and to render such a judgment as the law authorizes in the particular case, the presumption of jurisdiction is conclusive unless want of it appears on the face of the record, and express recitals of jurisdictional facts cannot be rebutted by evidence *dehors* the record.
Same—Want of Jurisdiction—*Certiorari* in Aid of Application may Issue.
  2.  Where it is the purpose of complainant to have a judgment of conviction annulled on application for writ of *habeas corpus*, on the ground of want of jurisdiction, *certiorari* may issue in aid of the application to bring up the record to enable the court to take proper action.
Same—Tribal Indians—Plea of Guilty—Want of Jurisdiction—Judgment —Collateral Attack.
  3.  Under the above rules, *held*, that where the information charged that the offense for which petitioner for writ of *habeas corpus* was sentenced to prison upon his plea of guilty was committed in the county in which he was placed on trial, the facts charged constituted an offense of which the court had jurisdiction and the sentence imposed was within the limits prescribed by statute, petitioner by his plea of guilty was barred from attacking the judgment collaterally by his assertion that he was a tribal Indian, that the crime had been committed on an Indian Reservation and that therefore the state court was without jurisdiction of the offense.

Original application for writ of *habeas corpus* by Frank Stewart, on behalf of George Shaffer, a prisoner in the state prison, in which proceeding, on petition of the attorney gen-

eral, a writ of review was issued in aid of the *habeas corpus* proceeding. Writ discharged.

*Mr. Franklin D. Tanner,* for Complainant, submitted a brief and argued the cause orally.

While it is well settled that a judgment cannot be attacked collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked collaterally for error in assuming jurisdiction. A judgment rendered by a court that never had jurisdiction of the subject matter is void, and the court rendering it is powerless to make a record capable of importing that it had jurisdiction. In *Ex parte Russell,* 2 Cal. App. 248, 82 Pac. 290, and *In re Lybarger,* 2 Wash. 131, 25 Pac. 1075, each a Washington case, the court holds adversely to the contentions of the petitioner in the case at bar, but these decisions are criticised in *In re Patzwald,* 5 Okl. 789, 50 Pac. 139, and other cases, wherein it is observed that the Washington decisions confound a principle of right with a rule of procedure. The Washington cases are not in harmony with the broad current of authority and judicial decisions on the subject, and again their Code provisions in *habeas corpus* proceedings are at variance with those of our state. The following citations are given in support of petitioner's contention: *Ex parte Cottrell,* 59 Cal. 420; *Ex parte McCoy,* 10 Cal. App. 116, 101 Pac. 419; *Ex parte Parnell* (Okl. Cr.), 200 Pac. 456; *Ex parte Mayfield,* 141 U. S. 107, 35 L. Ed. 635, 11 Sup. Ct. Rep. 939 [see, also, Rose's U. S. Notes]; *Ex parte Webb,* 24 Nev. 238, 51 Pac. 1027; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 539, 19 Am. Rep. 211; *State* v. *Kinmore,* 54 Minn. 135, 40 Am. St. Rep. 307, 55 N. W. 830.

A judgment rendered by a court having no jurisdiction of either the person or the subject matter is void and a mere nullity (Black on Judgments, sec. 218; *Pennoyer* v. *Neff,* 95 U. S. 732, 24 L. Ed. 565 [see, also, Rose's U. S. Notes]; *Ex parte Sullivan,* 10 Okl. Cr. 465, Ann. Cas. 1916A, 719, 138 Pac. 816).

In the case at bar Shaffer pleaded guilty to the information; that is, he pleaded guilty to the commission of the offense

charged in Big Horn county, Montana. His plea of guilty is
not inconsistent with the contention urged by petitioner that
the offense was not committed within the jurisdiction of the
district court but upon an Indian reservation. Shaffer did not
plead guilty to the commission of the offense charged within the
jurisdiction of the court, for such language was not employed
in the information. However, the objection that a court has
no jurisdiction of the subject matter is not waived by plea or
by going to trial. (16 C. J., p. 184, secs. 256, 257; *Sanders* v.
*Farwell,* 1 Mont. 599; *State* v. *Morray,* 23 Utah, 273, 64 Pac.
764.)

Indians, while preserving their tribal relations, and residing
on a reservation set apart for them by the United States gov-
ernment are the wards of the general government, and as such
are subject to federal authority. (*State* v. *Campbell,* 53 Minn.
354, 21 L. R. A. 169, 55 N. W. 553; *Ex parte Cross,* 20 Neb.
417, 30 N. W. 428; *State* v. *Denoyer,* 6 N. D. 586, 72 N. W.
1014; *United States* v. *Pelican,* 232 U. S. 442, 58 L. Ed. 676,
34 Sup. Ct. Rep. 396 [see, also, Rose's U. S. Notes]; *Good-
son* v. *United States,* 7 Okl. 117, 54 Pac. 423; *Ex parte Webb,*
225 U. S. 663, 668, 56 L. Ed. 696, 32 Sup. Ct. Rep. 842 [see,
also, Rose's U. S. Notes]; 11 C. J., p. 538, sec. 128.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. L. V. Ket-
ter,* Assistant Attorney General, and *Mr. L. E. Haven,* County
Attorney of Big Horn County, for the State, submitted a brief;
*Mr. L. A. Foot,* Assistant Attorney General, and *Mr. Haven*
argued the cause orally.

Citing: *State* v. *Kennie,* 24 Mont. 45, 60 Pac. 589; *In re
Boyle,* 26 Mont. 365, 68 Pac. 409; *Ex parte Stevenson,* 187 Cal.
773, 204 Pac. 216; *Ex parte Terry,* 71 Kan. 362, 80 Pac. 586;
*Ex parte Russell,* 40 Wash. 244, 82 Pac. 290; Church on Habeas
Corpus, sec. 368; 15 C. J. 831, 846; 29 C. J. 170.

MR. JUSTICE GALEN delivered the opinion of the court.

Upon petition filed on behalf of George Shaffer by one Frank
Stewart, a writ of *habeas corpus* was issued directed to the

warden of the state prison of Deer Lodge, to ascertain whether George Shaffer is lawfully detained as a prisoner. Later, upon petition of the attorney general, a writ of review was issued in aid of the proceedings in *habeas corpus*. The matter came on regularly for hearing on the writ of *habeas corpus*, the return of the warden of the state prison, and the writ of review, together with the proceedings of the district court of Big Horn county certified as required by the writ of review in the case of *State of Montana* v. *George Shaffer.*

It appears that by information filed in the district court of Big Horn county on March 5, 1924, George Shaffer was charged with the crime of rape alleged to have been committed in Big Horn county on or about January 14, 1924, upon one Minnie Watt, of the age of fifteen years. On the day the information was filed, the accused was arrested and taken before the court, where he was then and there duly arraigned upon the information and advised of his right to have counsel appear for him. He stated that he did not desire to employ counsel, and thereupon entered a plea of guilty to the information, waived time for sentence, and was by the court sentenced to an indeterminate term of not less than twelve nor more than twenty-four years in the state prison at Deer Lodge. The commitment is entirely regular, and no question is raised with respect to either the form or substance thereof.

It is urged in this proceeding that the district court was wholly without jurisdiction of the offense for which Shaffer was committed, and that therefore the judgment rendered is null and void. Such contention is based upon the following facts alleged in the petition for the writ, *viz.:* That the prisoner, George Shaffer, is a full-blooded Crow Indian, of the age of nineteen years, residing upon the Crow Indian Reservation in Big Horn county, maintaining tribal rights and immunities, and a ward of the government of the United States; that Minnie Watt, upon whom the crime of rape was committed, is also a Crow Indian of like status; and that the offense was committed within the confines of the Crow Indian Reservation.

The only question is whether the district court had jurisdiction to pronounce sentence and enter judgment.

If the prisoner is illegally held in custody as a prisoner, he must be discharged (sec. 12376, Rev. Codes 1921), and if the court exceeded its jurisdiction in committing him, he will be released on *habeas corpus* (*Id.*, sec. 12362), and so, also, where no legal cause is shown for the imprisonment, it becomes the court's duty to discharge him. (*Id.*, sec. 12360.) If he is not entitled to his discharge, he must be remanded to custody. (*Id.*, sec. 12367.) However, the court is presumed to have acted in the lawful exercise of jurisdiction. (*Id.*, sec. 10606.)

"Where the detention is under the judgment of a court [1] of general jurisdiction, the generally prevailing rule is that the presumption in support of jurisdiction is conclusive unless a want of jurisdiction appears on the face of the record; this presumption, and, *a fortiori*, express recitals of jurisdictional facts, cannot be rebutted by evidence *dehors* the record.' (29 C. J. 170.)

"The office of the *habeas corpus* is to bring up the body [2] only, and the court or judge will upon the return in this proceeding judge of the illegality of the imprisonment upon the commitment. If this be irregular merely, or it does not appear therefrom that the inferior court was without jurisdiction, the complainant will be remanded. If, however, it is the purpose of the complainant to have the proceedings * * * reviewed, and the judgment or order therein annulled, on the ground of want or excess of jurisdiction, then *certiorari* may issue * * * to bring up the record, to enable the superior court or its judge to take such action therein as may be proper." (*State ex rel. Jackson* v. *Kennie*, 24 Mont. 45, 60 Pac. 589.)

"The office of the writ of *habeas corpus* is not that of an appeal or writ of error. Its only office is to present the inquiry whether the court *a quo* had jurisdiction of the subject matter and the defendant, and rendered such a judgment as the law authorizes in the particular case. When it appears that

this was the condition, the writ will be discharged. (*In re Thompson*, 9 Mont. 381, 23 Pac. 933; *In re Boyle*, 26 Mont. 365, 68 Pac. 409, 471, 21 Cyc. 297.)'' (*Ex parte Gomez*, 52 Mont. 189, 156 Pac. 1078.)

In *State* v. *District Court*, 35 Mont. 321, 89 Pac. 63, this court said: ''While there is some conflict between the early and later decisions as to the scope of the meaning of the term 'jurisdiction' as applied to a case of this character, the decided weight of authority now supports the view that, in order for the judgment to be proof against an attack made by *habeas corpus* proceedings, the court rendering it must have had jurisdiction of the person and of the subject matter, and, in addition thereto, must have possessed the power or authority to render the particular judgment which it did pronounce; and the absence of any one of these factors renders the judgment void, and, consequently, open to collateral attack. [Citing cases.]''

''Jurisdiction of the person, place, and subject matter, at least, must exist in order to make a valid judgment, and if either is wanting, the judgment is void, and the imprisonment without authority of law. The question of jurisdiction over the subject matter is one of fact, to be proved or admitted, as any other fact alleged. Ordinarily, in criminal trials, the jurisdiction of the court over the place where the offense is alleged to have been committed is assumed. If admitted by by pleading over, that ends the matter. If traversed, and the jury find that the prisoner committed the offense within the jurisdiction of the court, as alleged, the defendant cannot impeach that finding on *habeas corpus* by showing that the place where the offense was committed is without the said territorial limits. In courts of general jurisdiction, though the record fails to show jurisdiction of the person and subject matter, their jurisdiction will be presumed where the imprisonment is under process valid on its face, and the prisoner must assume the burden of proving its invalidity by showing a want of jurisdiction. If the record be challenged, the examination, of

course, will be confined to it alone.'' (Church on Habeas Corpus, 2d ed., p. 517.)

From the record the court appears to have had jurisdiction [3] of the person of the prisoner and of the crime with which he was charged, and in addition full authority to pronounce the judgment which it did, so that it is now impervious to collateral attack such as is here attempted.

As the commitment is regular upon its face and made by a court of competent jurisdiction, in our opinion it is conclusive against the prisoner. (*In re Lybarger*, 2 Wash. 131, 25 Pac. 1075; *Ex parte Russell*, 40 Wash. 244, 111 Am. St. Rep. 910, 82 Pac. 290.)

The information shows the offense to have been committed in Big Horn county, and that it is one within the court's jurisdiction. If facts existed which divested the court of jurisdiction, the law afforded the prisoner ample opportunity to make them known in his defense, and not having done so, he will not now be heard to complain. There is nothing in the information or the judgment to indicate the offense was committed on an Indian reservation or that either prisoner or the prosecutrix, or both, were tribal Indians, it being simply disclosed therefrom that the crime was committed in Big Horn county and that it is one ordinarily within the court's jurisdiction.

The question of where in Big Horn county the crime was committed, or whether it was committed therein at all, were issues of fact to be determined by a jury, had the prisoner elected to go to trial. We are limited here solely to a determination of whether the facts charged constituted an offense and whether the sentence imposed is within the limits fixed by the statute, both of which are resolved against the prisoner.

On a trial of the offense with which the prisoner was charged, he might have defended on the grounds now asserted as reasons for lack of jurisdiction on the part of the trial court; but having pleaded guilty, he waived such defense and placed himself in the same position he would have occupied had he been

convicted by the verdict of a jury and failed to appeal from the judgment entered on such verdict.

It appearing to the court that the prisoner is not entitled to be released from custody, the writ of *habeas corpus* issued herein will be discharged, and the prisoner remanded to the custody of the warden of the state prison. It is so ordered.

*Writ discharged.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.