[No. 8479. Department One. December 18, 1909.]

*In the Matter of the Application of* ORTIS HAMILTON *for a Writ of Habeas Corpus.*[1]

HABEAS CORPUS—CORRECTION OF ERRORS—JURISDICTION—FORCE OR VALIDITY OF STATUTES—RIGHT TO WRIT. Where the superior court having jurisdiction decided that the law defining the offense had not been repealed and was in force when the act was committed, the decision is within its jurisdiction, even if erroneous, and habeas corpus does not lie to correct the same or to secure a discharge of the prisoner, his remedy being by appeal from the final judgment.

SAME—PURPOSE OF WRIT—RELIEF SOUGHT. A writ of habeas corpus should not issue for the purpose of giving the prisoner an immediate trial as to the legality of his imprisonment, where he was about to have an immediate trial in a court of competent jurisdiction; nor for the purpose of delaying such trial.

Application filed in the supreme court November 19, 1909, for a writ of habeas corpus to release a prisoner held in custody pending trial for the crime of embezzlement. Denied.

*T. M. Vance* and *J. W. Robinson,* for petitioner.

*W. F. Magill, Assistant Attorney General,* and *John M. Wilson,* for respondent.

RUDKIN, C. J.—On the 19th day of November, 1909, a petition for a writ of habeas corpus was presented to the chief justice of this court on behalf of Ortis Hamilton, who is confined in the county jail of Thurston county, awaiting trial on certain informations filed against him in the superior court of that county. On the presentation of the petition, an order was made directing the sheriff of Thurston county to show cause before the superior court of that county on the 3d day of December, 1909, why the writ should not issue as prayed. On the 20th day of November, 1909, the prosecuting attorney for Thurston county moved the chief justice to vacate the show cause order, or to change the return day to some date not later than November 23, 1909, for the reason

[1]Reported in 105 Pac. 1046.

that the trial of the informations upon which the petition is held was set for the latter date. On the hearing of this motion, the chief justice vacated the show cause order, with leave to renew the application for a writ of habeas corpus before the supreme court on the following morning. At that time the application was heard by the court and denied, except to order the accused admitted to bail in the sum of $20,000, but no opinion was filed.

It appears from the petition that a number of informations have been filed in the superior court of Thurston county, accusing the petitioner of the crime of embezzlement, under Bal. Code, §§ 7119, 7123, and the principal contention of the petitioner is that these sections have been repealed by the new criminal code (Laws 1909, p. 890, ch. 249). The superior court of Thurston county was fully competent to pass upon that question, and the petition shows that the court did pass upon it by overruling demurrers challenging the sufficiency of the informations. The case therefore falls within the decision in *In re Newcomb, ante* p. 395, 105 Pac. 1042.

But there are additional reasons why the petition should be denied in this case. The office of the writ of habeas corpus is to give a person restrained of his liberty an immediate hearing so that the legality of his detention may be inquired into and determined. The petitioner has a right to an immediate trial of that issue in a proper case, but he has no right to select his own forum or to prescribe the mode of trial. In this case it was made to appear that the petitioner was about to have an immediate trial of all questions involving his guilt and the legality of his imprisonment, in a court of competent jurisdiction, and the writ of habeas corpus could give him no more. If the purpose of the application was to secure an immediate trial, that object has already been accomplished. If the purpose was to secure delay or a postponement of the pending trial, the application should not be entertained. For these reasons the writ was and is denied.

GOSE, CHADWICK, MORRIS, and FULLERTON, JJ., concur.