[No. 8791. Department One. June 10, 1910.]

*In the Matter of the Application of* J. W. PUTNAM *for a Writ of Habeas Corpus.*[1]

HABEAS CORPUS—GROUNDS OF RELIEF—UNCONSTITUTIONALITY OF STATUTE—ILLEGALITY OF PROCESS. Under Rem. & Bal. Code, § 1075, providing that on application for a writ of habeas corpus no inquiry shall be made into the legality of process whereby a party is in custody upon a warrant issued from the superior court on indictment or information, one in custody under a warrant issued upon an information for violating a statute is not entitled to release on habeas corpus on the ground that the statute is unconstitutional.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 12, 1910, denying an application for a writ of *habeas corpus* to release a person held

[1]Reported in 109 Pac. 111.

in custody upon a charge of selling intoxicating liquor without a license, upon sustaining a demurrer to the petition. Affirmed.

*William C. Keith* and *Blaine, Tucker & Hyland,* for appellant.

*George F. Vanderveer* (*The Attorney General* and *W. F. Magill, Assistant,* of counsel), for respondent.

FULLERTON, J.—This is an appeal from a judgment of the superior court of King county, denying an application for a writ of *habeas corpus.*

The petition for the writ was as follows:

"(1)  That your petitioner is unlawfully imprisoned, detained, confined and restrained of his liberty by one Robert T. Hodge, sheriff of King county, Washington. That such restraint and detention is not by reason of any final judgment of a court of competent jurisdiction or by reason of any order adjudging your petitioner to be in contempt of any court, officer or other tribunal.

"(2)  That your petitioner is illegally and unlawfully imprisoned, detained, confined and restrained of his liberty by the said Robert T. Hodge, sheriff of King county, Washington, under and by virtue of an alleged warrant of arrest. That said illegal warrant of arrest was issued by virtue of an illegal information filed by the prosecuting attorney of King county, Washington, in the superior court of said county, illegally and unlawfully charging your petitioner in said information with the offense of selling intoxicating liquors without first obtaining a license so to do from the state of Washington.

"(3)  That the said information was filed by the prosecuting attorney for King county, charging your petitioner with the offense of selling intoxicating liquors, under and by virtue of an act of the legislature of the Laws of 1907, chapter 194, page 119, which said act is entitled 'An act relating to the sale of intoxicating liquors, fixing a state license fee and providing a punishment for the violation thereof.'

"(4)  That said act of the legislature of 1907 is unconstitutional and illegal as applied to your petitioner in his

business as that of a druggist, and the information and warrant of arrest filed and issued against your petitioner under and by virtue of said act of the legislature are void and of no force or effect whatever."

A demurrer was interposed to the petition, which the court sustained, and thereafter, on the refusal of the petitioner to plead further, entered a judgment denying the application for the writ.

The application was properly denied. The statute relating to the issuance of writs of *habeas corpus*, in express terms provides that:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . .

"(3)	Upon a warrant issued from the superior court upon an indictment or information." Rem. & Bal. Code, § 1075.

It can make no difference that the petitioner contends that the statute under which the state purports to proceed is unconstitutional, or has no application to one. in his situation. The superior court before which the information is pending has jurisdiction and power to determine these questions, and the defendant must raise them in the pending proceeding, and appeal from the judgment if it be adverse to him, before he can ask this court to review the legality of the proceedings or the validity of the statute. *In re Hamilton*, 56 Wash. 405, 105 Pac. 1046; *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042.

The judgment is affirmed.

RUDKIN, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.