[No. 11547. Department Two. April 7, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v. DAN CONDON,
*Respondent*.[1]

INDIANS—INDIAN COUNTRY—OFFENSES — JURISDICTION. The Federal courts have exclusive jurisdiction of the offense of larceny committed on an Indian reservation by one Indian against another, both being allottees without having received any patent from the United States, and both under the charge of a United States Indian agent, under U. S. Rev. St., § 2145, providing that the general laws of the United States as to the punishment of crimes committed within the sole and exclusive jurisdiction of the United States shall extend to the Indian country, and 23 Stat., 385, providing that certain offenses, including larceny, committed by an Indian against another within the boundaries of any state and within the limits of any Indian reservation shall be subject to the same laws, tried in the same court and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States.

Appeal from a judgment of the superior court for Okanogan county, Pendergast, J., entered September 5, 1913, dismissing a prosecution for larceny, upon sustaining a demurrer to the information. Affirmed.

*J. W. Faulkner*, for appellant.

*Neal & Neal*, for respondent.

CROW, C. J.—On September 5, 1913, the prosecuting attorney of Okanogan county filed an information in the superior court in and for that county, the charging portion of which reads as follows:

"That the said Dan Condon, on or about the first day of May, 1913, in Okanogan county, state of Washington, and within that portion of said county commonly known as the Diminished Colville Indian Reservation, then and there being, with the intent to deprive and defraud the owner thereof,

[1]Reported in 139 Pac. 871.

did then and there feloniously steal from the range, lead,
brand, drive away, and appropriate to his own use, one cer-
tain foal, to wit, a colt of the value of thirty dollars in law-
ful money of the United States, said colt being then and there
the property of one Mrs. Jessie Chief, the said Mrs. Jessie
Chief being an Indian of the full blood, and said defendant
being an Indian of the quarter blood, and the said Dan Con-
don and the said Mrs. Jessie Chief each being a resident within
and holder of an allotment within said Indian reservation,
and neither of said persons having as yet received any patent
or fee simple title from the United States for their said allot-
ments, and that said Dan Condon and Mrs. Jessie Chief each
and both now are and during all the times herein mentioned
have been under the charge of an Indian Agent of the United
States; contrary to the form of the statutes in such cases
made and provided, and against the peace and dignity of the
State of Washington.''

To this information, the trial judge sustained the defend-
ant's demurrer, entering and filing the following order, from
which the state has appealed.

"Ordered, that said demurrer be and the same is hereby
sustained on the ground that Federal courts have exclusive
jurisdiction of the crime charged in the information, and that
this court has no jurisdiction thereof, and the plaintiff the
state of Washington, being represented by J. W. Faulkner,
Prosecuting Attorney for Okanogan county, in open court
elects to stand upon the information now on file in this cause,
therefore said cause is hereby dismissed and said defendant
discharged, to which ruling of the court, said plaintiff ex-
cepts and the exception is allowed.''

The sole question for our consideration is, whether the su-
perior court of the state of Washington, in and for Okanog-
an county, has jurisdiction of the offense charged, as con-
tended by appellant, or whether exclusive jurisdiction of
such offense is vested in the Federal district court, as contend-
ed by respondent.   Jurisdiction of the Federal courts of of-
fenses committed by or against Indians and upon Indian res-
ervations, depends upon the proper construction of the Fed-

eral statutes hereinafter mentioned. Section 2145 of the Revised Statutes of the United States reads as follows:

"Except as to crimes the punishment of which is expressly provided for in this Title, the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country."

Section 2146 provides that:

"The preceding section shall not be construed to extend to (crimes committed by one Indian against the person or property of another Indian, nor to) any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

Construing these two sections, the Supreme Court of the United States, in *Ex parte Crow Dog*, 109 U. S. 556, discharged the petitioner who had been convicted in the territorial district court, sitting as a circuit court of the United States, holding that the crime of murder committed on an Indian reservation within the Territory of Dakota, by one Indian against another, was not a subject of jurisdiction of the Federal courts. It is suggested by Mr. Justice Pitney, in *Donnelly v. United States*, 228 U. S. 243, 270, that one result of that decision was the enactment of § 9 of the act of March 3, 1885, 23 Stat. 385, which reads as follows:

"That immediately upon and after the date of the passage of this act all Indians, committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, assault with intent to kill, arson, burglary, and larceny within any Territory of the United States, and either within or without an Indian reservation, shall be subject therefor to the laws of such Territory relating to said crimes, and shall be tried therefor in the same courts and in the same manner and shall be subject to the same penalties as are all other persons charged with the commission of said crimes, respectively; and

the said courts are hereby given jurisdiction in all such cases; and all such Indians committing any of the above crimes against the person or property of another Indian or other person within the boundaries of any State of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

It will be noted that the prosecuting attorney in the information has pleaded facts showing that the offense therein charged was committed by respondent within that portion of Okanogan county known as the Diminished Colville Indian Reservation; that the property stolen belonged to one Mrs. Jessie Chief, an Indian of the full blood; that the respondent himself was an Indian of the quarter blood; that he and Mrs. Chief each resided within the Indian reservation; that each of them was the holder of an allotment of land therein; that neither of them had received any patent from the United States for their several allotments; and that they are both under the charge of an Indian Agent of the United States. As above stated, the only question now raised is, whether under § 2145, *supra*, and § 9 of the act of March 3, 1885, *supra*, exclusive jurisdiction of the crime charged against respondent herein is vested in the Federal courts.

The Supreme Court of the United States, in the recent case of *United States v. Pelican*, 34 Sup. Ct. 396, has settled this question so completely that a reference to its opinion is all that is necessary to sustain the respondent's contention in that regard. On the authority of that case, we hold that the superior court of the state of Washington, in and for Okanogan county, had no jurisdiction. The demurrer was properly sustained.

The judgment of dismissal is affirmed.

MOUNT, PARKER, MORRIS, and FULLERTON, JJ., concur.