[No. 11870.   Department Two.   April 15, 1914.]

*In the Matter of the Application of* JOHNNIE HERMAN and FRANCIS CANNON *for a Writ of Habeas Corpus.*[1]

HABEAS CORPUS — WHEN LIES — SUFFICIENCY OF INFORMATION— JURISDICTION OF COURT. Habeas corpus does not lie to release prisoners on the ground that the information on which they were arrested shows want of jurisdiction in the state court over the offense because the crime was committed by Indians in the Indian country; the question of jurisdiction being a matter for that court to determine, with the right of appeal therefrom.

Application filed in the supreme court March 3, 1914, for a writ of habeas corpus, to release prisoners under arrest for murder. Denied.

[1]Reported in 139 Pac. 1083.

*Samuel Porter* and *L. R. McCann,* for applicants.

*James T. Johnson* and *The Attorney General* (*L. L. Thompson, Assistant,* of counsel), for respondents.

CROW, C. J.—Under an information and a warrant issued thereon, the petitioners, Johnnie Herman and Francis Cannon, have been arrested and are now held in custody by the sheriff of Ferry county. Claiming that they are illegally imprisoned and restrained of their liberty, they have petitioned this court for a writ of *habeas corpus.* They allege that, on February 14, 1914, the prosecuting attorney of Ferry county filed, in the superior court of that county, an information charging them with the crime of murder. The material portion of the information, showing the venue of the crime, reads as follows:

"That the said Johnnie Herman, alias Stuttering Johnnie, on the 22nd day of January, 1904, in Ferry county, state of Washington, and within the limits of that portion of said county commonly known as the Diminished Colville Indian Reservation or Indian Country, but upon lands therein that were then and there patented by the United States of America to one Robert L. Boyle, a white person, in which patent was issued on the 5th day of November, 1908, in pursuance of the Act of Congress of March 3, 1905, (33 Stat. 1048-1064), and which lands were then and there by said Boyle and wife laid out into blocks, lots, avenues, streets and alleys as the Harlinda Townsite, and upon lots in said Townsite then and there adjoining and fronting upon a public highway known as the Washington State Road No. 4, and which road then and there extended entirely across said Diminished Indian Reservation, and upon lots in said Townsite then and there owned in fee simple by one John Brown, a white person, then and there being, unlawfully etc., . . ."

The information further charges that Johnnie Herman and Sarah M. Weber, the murdered woman, were Indians holding allotments and residing within the Indian Reservation; that Francis Cannon was a British Columbia Indian, temporarily residing in the Indian reservation; and that

Francis Cannon aided and abetted Johnnie Herman in the commission of the crime. The petition further alleges that, thereafter, a warrant was issued by the clerk of the superior court; that the sheriff, acting under the warrant, arrested the petitioners, and now deprives them of their liberty in the Ferry county jail; that, as affirmatively shown by the information, the superior court of the state of Washington, in and for Ferry county is without jurisdiction over the persons of the petitioners; and that the superior court is without jurisdiction of the subject-matter of the action.

The petitioners, citing *United States v. Pelican*, 232 U. S. 442, and other cases, contend that the superior court is without jurisdiction for the reason that the alleged crime, if committed at all, was committed upon an Indian Reservation set apart by the United States government. In the case of *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042, an application was made to this court for the purpose of questioning the jurisdiction of the superior court of Pierce county to try the petitioner on a charge of murder. In that case, after a most thorough examination and discussion of the authorities, this court, speaking through Rudkin, C. J., said:

"Where a party is held in custody under process issued on the final judgment of a court of competent jurisdiction, or upon a warrant issued from the superior court upon an information or indictment, he is not entitled to his discharge on *habeas corpus* unless such process or judgment be void, and a judgment is not void simply because the court decided erroneously some question properly before it and within its acknowledged jurisdiction. In *habeas corpus* matters we exercise original, not appellate jurisdiction. . . .

"To say that an unconstitutional law or a repealed law is no law is both logical and sound, but to say that a judgment of a court of competent jurisdiction is no judgment, because some question of law properly before it was decided erroneously is, in our opinion, a *non sequitur*. The rule here announced fully satisfied the constitutional guaranties respecting the writ of *habeas corpus*, and prescribes an orderly system for the administration of public justice."

See, also, *In re Hamilton*, 56 Wash. 405, 105 Pac. 1046. The question whether the superior court of Ferry county has or has not jurisdiction of the person of the petitioners or the subject-matter of the action, is one for its original determination. If it commits error in passing upon that question, the petitioners have their remedy by appeal to this court. This was the method of procedure adopted in the recent case of *State v. Condon*, ante p. 97, 139 Pac. 871, and is the proper practice to pursue.

The vital question on the merits in this proceeding would be whether the land patented to Robert L. Boyle, the white man mentioned in the information, continued to be a part of the Indian Reservation, or whether it ceased to be a portion thereof, thus conferring jurisdiction upon the superior court. The original determination of this question is within the jurisdiction of the superior court. It will not be determined by this court in a *habeas corpus* proceeding.

The application is dismissed without prejudice to the right of the petitioners to raise the jurisdictional question in the superior court.

FULLERTON, MORRIS, MOUNT, and PARKER, JJ., concur.