[No. 17065.  *En Banc.*  May 11, 1922.]

THE STATE OF WASHINGTON, *on the Relation of N. F. Jahn, Plaintiff,* v. W. H. SEARING, *as Chief of Police of the City of Seattle, Respondent.*[1]

HABEAS CORPUS (8-2)—GROUNDS FOR RELIEF—VALIDITY OF STATUTE OR ORDINANCE. Upon habeas corpus to release one convicted in police court of a violation of a city ordinance, the court cannot determine whether the ordinance is violative of the state or Federal constitutions, in view of Rem. Comp. Stat., § 1075, prohibiting inquiry as to the legality of any judgment of a court of competent jurisdiction whereby a party is held in custody.

COURTS (38)—RULE OF DECISION—UNITED STATES COURT AS RULE IN STATE COURT. A decision of the highest Federal court that it will determine, on habeas corpus, whether an ordinance is unconstitutional, is not binding upon the supreme court of this state as to its right to review such question under the restriction of Rem. Comp. Stat., § 1075, forbidding the same.

Application filed in the supreme court January 20, 1922, for a writ of habeas corpus to release a person held in custody upon conviction of violating an ordinance. Denied.

*Flick & Paul* and *Raymond G. Wright,* for relator.

*Walter F. Meier* and *Geo. A. Meagher,* for respondent.

BRIDGES, J.—The charter of the city of Seattle provides that:

"Every contractor and subcontractor performing any local or other improvement work for the city of Seattle, shall pay or cause to be paid to his employees on such work or on such contract, not less than the current rate of wages paid by the city of Seattle for work of like character, and in any event not less than two and seventy five one hundredths dollars ($2.75) per day  .  .  ."  (Art. 23, § 2.)

[1]Reported in 207 Pac. 5.

An ordinance provides that:

"Every contractor or subcontractor performing any local or other improvement work for the city of Seattle, shall pay or cause to be paid, to his employees on such work or under such contract not less than the current or prevailing wage paid by the city of Seattle for work of like character." (Ordinance No. 38,415, § 1.)

And that:

"Any contractor or subcontractor who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not exceeding one hundred dollars ($100) or imprisoned in the city jail for the term not exceeding thirty days (30), or may be both fined and imprisoned." (Ordinance No. 38,415, § 3.)

This ordinance was in effect at all times hereinafter mentioned.

N. F. Jahn became a contractor doing certain work covered by the charter and ordinance mentioned. A criminal complaint against him was made, and a warrant of arrest issued by a police judge of the city of Seattle. This complaint charged Jahn with violating the ordinance above mentioned. After a trial in the police court, he was found guilty and judgment of sentence entered, and he was committed to the charge of the chief of police, who is the keeper of the city jail, for a designated period. He petitioned this court for a writ of habeas corpus, alleging generally the facts above recited, and that he was unlawfully deprived of his liberty. We issued a writ requiring the chief of police to show cause why he held the petitioner. Thereafter the chief of police duly made his return, setting up substantially the facts we have recited. Upon stipulation, all of the testimony and proceedings taken in the police court have been certified to us and made a part of the record.

The petitioner, in his petition for the writ of habeas corpus, and also in his opening brief, bases his right to the writ upon many grounds, some of which would seem to go to the merits of the original criminal proceedings. In a supplemental brief, however, petitioner expressly claims the right to have the writ issued because the ordinance which it is claimed he violated is in violation of the constitution of the state of Washington and the Federal constitution. In his supplemental brief he says: "We are not invoking rectification of a mere irregularity. We are not appealing from a decision of a lower court or a writ of habeas corpus. We are seeking an original or alternative writ in this court. We are seeking this on the basis solely that the alleged ordinance and charter provision upon which this so-called crime is based are unconstitutional, and that this court has not, and will not, yield its right to free a citizen so restrained of his liberty." We shall, therefore, assume that the only question before us is whether, in an application for a writ of habeas corpus, we will determine whether the ordinance under which the conviction was had is violative of the state or Federal constitutions.

Section 1075, Rem. Comp. Stat., provides that:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:— 1. Upon any process issued on any final judgment of a court of competent jurisdiction; . . . 3. Upon a warrant issued from the superior court upon an indictment or information."

The question now before us was elaborately considered by this court, sitting *En Banc,* in *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042. In that case, speaking through Chief Justice Rudkin, we said:

"After a full and exhaustive examination of the authorities, we are convinced that the judgment of the superior court of Pierce county is not void for any of the reasons assigned. That court had full and complete jurisdiction to determine every question here presented, and its determination is not and cannot be void. We are further of opinion that where a party is held in custody under process issued on the final judgment of a court of competent jurisdiction, or upon a warrant issued from the superior court upon an information or indictment, he is not entitled to his discharge on habeas corpus unless such process or judgment be void, and a judgment is not void simply because the court decided erroneously some question properly before it and within its acknowledged jurisdiction. . . . To say that an unconstitutional law or a repealed law is no law is both logical and sound, but to say that a judgment of a court of competent jurisdiction is no judgment, because some question of law properly before it was decided erroneously, is, in our opinion, a *non sequitur.*"

At another place in the opinion we said:

"Many courts hold that habeas corpus will lie for the discharge of one held under an unconstitutional statute, or a statute that has been repealed. We think, indeed, a majority of the more recent cases so hold. Nevertheless, there are many well-considered cases holding the contrary, for reasons which to our minds are unanswerable."

In that case we quoted with approval from *Ex parte Fisher,* 6 Neb. 309, as follows:

"And we are not prepared to say that, upon a writ of *habeas corpus,* we can look beyond the judgment and re-examine the charges on which it was rendered, or to pronounce the judgment an absolute nullity on the ground that the constitutionality of the statute relative to the license law is controverted. If the validity of a statute is brought in question in an inferior court on the trial of a cause, that question must finally be determined in the same mode as other legal questions

arising on the trial of causes in such court—that is, by proceedings in error or appeal, as may be most appropriate and allowable by law.''

In *In re Putnam,* 58 Wash. 687, 109 Pac. 111, we said:

"It can make no difference that the petitioner contends that the statute under which the state purports to proceed is unconstitutional, or has no application to one in his situation. The superior court before which the information is pending has jurisdiction and power to determine these questions, and the defendant must raise them in the pending proceeding, and appeal from the judgment if it be adverse to him, before he can ask this court to review the legality of the proceedings or the validity of the statute.''

These cases expressly decide the question we are discussing. There may be found in some of our earlier cases isolated expressions which at first glance may appear to be not in harmony with the doctrine of these cases, but upon close examination it will be found that they do not hold to a doctrine contrary to that laid down in the *Newcomb* and *Putnam* cases, *supra.*

The petitioner has vigorously assailed the *Newcomb* case, contending that it is not only fundamentally wrong, but that the great weight of authority is against it, and we are asked to overrule it. From the quotations made from that case it will be noticed that the court admits that the weight of authority is against the position taken by it, and we there deliberately placed ourselves in line with the minority. We are satisfied with the view taken in those cases, and they must now be considered the settled law of this jurisdiction.

The petitioner, however, claims that the Federal supreme court has come to a conclusion different from the one at which we have arrived, and since he is claiming the ordinance in question is in violation of the

Federal constitution, we are bound by the decision of that court. In support of this view he cites the case of *Koepke v. Hill,* 157 Ind. 172, 60 N. E. 1039, 87 Am. St. 161. In that case the court was discussing the same question involved here and came to substantially the same conclusion to which we have come. But the opinion further said:

"If a Federal question were duly presented, we would be constrained to follow the decisions of the Supreme Court of the United States."

While a decision of the highest Federal court would be binding on us on the question whether the ordinance violated the Federal constitution, yet a decision of that court to the effect that, in a habeas corpus proceeding, it will determine whether a statute or ordinance is unconstitutional is not binding upon us. It is for us to construe our own statutes and determine our own manner of procedure. Writ denied.

ALL CONCUR.