[No. 22488. Department One. June 24, 1930.]

O. A. THOMAS *et al., Petitioners, v.* FLORENCE M. PHELAN, *Defendant.*[1]

*Aston S. Peake,* for petitioners.

*The Attorney General* and *John C. Hurspool,* for defendant.

MILLARD, J.—Complaint was made, as provided by Rem. Comp. Stat., § 1987-5, of the delinquency of Mary Jane Thomas, a minor under the age of fourteen years. Sitting as a juvenile court, the superior court for Kitsap county found the girl was delinquent in that she was immoral. The child is now in the custody of the superintendent of the girls' training school at Grand Mound, Washington, on process issued on the court's final order, which reads as follows:

"This matter coming on to be heard upon the complaint filed herein, and it appearing to the court that all persons interested herein have had due notice of this proceeding according to the statute in such case made and provided, and Mr. and Mrs. Thomas, the parents of said child, and the said child being present in person, the court, after hearing all the evidence ad-

[1] Reported in 289 Pac. 51.

duced and being fully advised in the premises, finds that the said Mary Jane Thomas is a delinquent child, that she was born on or about the 6th day of July, 1917, and that the other material facts set forth in the complaint filed herein are true, and the court further finds that the said child, being under the age of thirteen years, is a delinquent child for the reason that she is immoral.

"It is therefore ordered, and adjudged, that the said Mary Jane Thomas be committed to the girls' training school at Grand Mound, Wash."

On behalf of the minor, her parents have petitioned this court for a writ of habeas corpus, alleging that the girl's restraint by the superintendent of the girls' training school is illegal for the following reasons:

"1. That Mary Jane Thomas had been deprived of her liberty without due process of law for the following reasons:

"A. That the court before which all the proceedings which resulted in her commitment were had, and the court which committed her, is an unconstitutional body and without jurisdiction.

"B. That her arrest, hearing and commitment were had on an insufficient petition therefor.

"C. That the court before which she appeared erred in not trying her by indictment or information according to law.

"D. That the court erred in applying the provisions of an unconstitutional act, both in hearing the cause and committing her.

"2. That at her hearing the said Mary Jane Thomas was denied the right to have counsel to represent her.

"3. That she was denied the right of a public and/or jury trial.

"4. That she was never informed of the nature of the accusation against her nor given any copy thereof.

"5. That she was never confronted with the witnesses against her nor permitted to have compulsory process to compel attendance of witnesses in her behalf.

"6. That she was compelled to be a witness against herself.

"7. That the court before which she appeared committed her without the consent of her parents, although it did not find that they were incapable of providing for her or that they had failed to provide for her or that it was for her best interests and/or welfare to be so committed."

 Briefly, the contention is that the juvenile court law, Rem. Comp. Stat., §§ 1987-1 to 1987-18, is unconstitutional and that the proceedings in the trial court were not legal.

The constitutionality of the statute under which the court proceeded and other legal questions arising on the trial of the cause can not be reviewed in this proceeding. The question of the constitutionality of the statute was a legitimate subject of inquiry by the superior court in the same manner as any other question which might be presented for its adjudication. That question, it will be presumed, was raised in the superior court and there determined adverse to the position of the petitioners; therefore, their remedy was by appeal or writ of review and not by habeas corpus.

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, . . . Upon any process issued on any final judgment of a court of competent jurisdiction; . . ." Rem. Comp. Stat., § 1075.

The superior court of Kitsap county is a court of general jurisdiction. It had full and complete jurisdiction to determine the questions here presented. Upon process issued on a final judgment of that court, the minor was committed to the training school.

We said in *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042, that:

"Where a party is held in custody under process issued on the final judgment of a court of competent

jurisdiction, or upon a warrant issued from the superior court upon an information or indictment, he is not entitled to his discharge on habeas corpus unless such process or judgment be void, and a judgment is not void simply because the court decided erroneously some question properly before it and within its acknowledged jurisdiction. . . . To say that an unconstitutional law or a repealed law is no law is both logical and sound, but to say that a judgment of a court of competent jurisdiction is no judgment, because some question of law properly before it was decided erroneously, is, in our opinion, a *non sequitur.* . . . Many courts hold that habeas corpus will lie for the discharge of one held under an unconstitutional statute, or a statute that has been repealed. We think, indeed, a majority of the more recent cases so hold. Nevertheless, there are many well considered cases holding the contrary, for reasons which to our minds are unanswerable.''

In that opinion we quoted with approval from *Ex parte Fisher,* 6 Neb. 309, as follows:

''And we are not prepared to say that, upon a writ of habeas corpus, we can look beyond the judgment and re-examine the charges on which it was rendered, or to pronounce the judgment an absolute nullity on the ground that the constitutionality of the statute relative to the license law is controverted. If the validity of a statute is brought in question in the inferior court on the trial of a cause, that question must finally be determined in the same mode as other legal questions arising on the trial of causes in such court—that is, by proceedings in error or appeal, as may be most appropriate and allowable by law.''

The rule was followed in *In re Putnam,* 58 Wash. 687, 109 Pac. 111, in which we said:

''It can make no difference that the petitioner contends that the statute under which the state purports to proceed is unconstitutional, or has no application to one in his situation. The superior court before which the information is pending has jurisdiction and power

to determine these questions, and the defendant must raise them in the pending proceeding, and appeal from the judgment if it be adverse to him, before he can ask this court to review the legality of the proceedings or the validity of the statute."

The same rule was reiterated in *In re Hammar,* 134 Wash. 51, 234 Pac. 1018. The writ is denied.

MITCHELL, C. J., FRENCH, TOLMAN, and BEALS, JJ., concur.