[No. 33707. Department One. April 4, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ARTHUR R. KELLEY, JR., *Petitioner,* v. P. J. SQUIER, *as Superintendent of the State Reformatory, Respondent.*[1]

*Arthur R. Kelley, Jr., pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

ROSELLINI, J.—The petitioner was charged, on March 14, 1955, with the crime of larceny, in the superior court for Kitsap county, Washington. The information alleged that on October 20, 1954, with intent to defraud, he had wilfully and feloniously made, drawn, and uttered a check in the amount of eighty-five dollars, knowing that, at the time of drawing and delivery of the check, he lacked sufficient funds in and credit with the bank on which it was drawn. He was

[1]Reported in 309 P. (2d) 750.

arraigned on the same day; he pleaded guilty to the charge as drawn and was sentenced to a maximum of fifteen years in the state reformatory.

On March 21, 1956, he petitioned this court for a writ of *habeas corpus*, alleging that he drew the check as a promissory note and was consequently not guilty of a felony; that two months after drawing the check he left to visit friends in Salt Lake City and there was arrested under extradition process and detained in jail for several months; that he consulted a lawyer in Salt Lake City, who attempted to make restitution on his behalf; that on being brought to the jail in Kitsap county, he was not allowed to consult an attorney or talk to anyone except the chief of detectives; that he did not remember what was said at the trial except that he had pleaded guilty to the charge; that after being confined in the reformatory, he became involved in some kind of altercation and was placed in the segregation section; and that for approximately fifty days he was confined in the Northern State Hospital.

The petitioner has stated no facts which would justify the issuance of a writ of *habeas corpus*. The record shows that he was committed under process issued on a final judgment of the superior court of Kitsap county, wherein the crime was committed. It is not alleged that the court lacked jurisdiction, or that the petitioner was deprived of any constitutional right. Although he states that he was not allowed to contact an attorney while confined in jail prior to arraignment, he was not held there for any length of time, for aught that appears in his petition, before being brought before the court, where he waived counsel. There is no assertion that his waiver was not exercised competently and intelligently. See *In re Wilken v. Squier, ante* p. 58.

If the petitioner's confinement in jail in Salt Lake City was illegal, his remedy was to petition the courts of that state. As for the alleged defense that he intended the instrument to be a promissory note, since he failed to assert it at the trial, it is now foreclosed by the judgment. Assuming that it existed, there is no contention that he was de-

prived of an opportunity to present this defense. While the petitioner complains of the treatment he received while in confinement, he makes no complaint that this treatment was unauthorized, nor can it be said that it amounts to cruel and unusual punishment. If the petitioner exhibited traits of violence, as he admits that he did, his custodians could reasonably be expected to separate him from his fellows; and this court is in no position to inquire into the wisdom of his transfer to a mental institution.

RCW 7.36.130, defining the limits of inquiry under a writ of *habeas corpus,* provides in part:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

"(1) Upon any process issued on any final judgment of a court of competent jurisdiction except where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States have been violated."

The application having raised no question which can properly be determined in this proceeding, the writ will not issue.

SCHWELLENBACH, DONWORTH, FINLEY, and FOSTER, JJ., concur.