THE STATE OF OHIO, APPELLEE, *v.* KATZ, APPELLANT.

[Cite as State v. Katz (1976), 51 Ohio App. 2d 14.]

(No. 7942—Decided March 24, 1976.)

*Mr. Peter D. Oldham,* prosecuting attorney, and *Mr. Edward J. Riegler,* for appellee.

*Messrs. Weick & Genovese* and *Mr. William R. Case,* for appellant.

MAHONEY, J. This is an appeal from a jury verdict in the Akron Municipal Court finding the defendant, Abe Katz, guilty of violating Section 606.23 of the Akron City code (complicity) by knowingly aiding and abetting Shirley Johnson in committing a violation of Section 666.09 (prostitution). We affirm the judgment.

### Facts

The state's evidence came from two police officers and three admitted prostitutes. The officers testified that the defendant's bar, known as the Chatnoir Lounge, was a "hang-out" for known prostitutes. The officers also stated that each of the prostitutes was known to them as prostitutes and that they had seen them operating in the area where the Chatnoir is located. One officer testified to seeing each of the girls go in and come out of the Chatnoir. The prosecuting witness, Shirley Johnson, and her friends, Rosetta Adkins and Una Mathews, admitted being prostitutes with conviction records for soliciting. All three testi-

fied that from mid June to late July of 1974 Abe Katz charged them ten dollars per week for using his bar as a pickup place for their patrons. They acknowledged that they paid some of the money during that period of time and successfully solicited patrons in the defendant's bar.

### Assignment of Error No. 1

"The trial court committed reversible error in denying Katz's motion for acquittal after the city rested because the city failed to present corroborative evidence of the specific crime alleged as required in order to meet its burden of proof as provided in *Akron City Code* §606.23(d)."

The law in Ohio is that a "conviction may be based upon the uncorroborated testimony of an accomplice, *except where otherwise specifically provided by statute.*" *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124, paragraph 3 of the syllabus. (Emphasis added.)

Akron Ordinance 606.23(d) reads:

"No person shall be convicted of complicity under this section solely upon the testimony *of an accomplice,* unsupported by other evidence." (Emphasis supplied.)

This ordinance is worded identically with R. C. 2923.-03. Therefore, corroborating testimony is necessary. It was supplied by the testimony of Una Mathews and Rosetta Adkins. They were not accomplices to the crimes of Shirley Johnson, which the defendant allegedly aided and abetted. They supplied the corroboration by connecting Katz to Johnson by offering proof that he was charging prostitutes ten dollars per week to operate in his bar. *State* v. *Starr* (1970), 24 Ohio App. 2d 56.

### Assignment of Error No. 2

"The trial court committed reversible error in denying Katz's motion for acquittal because the proof presented by the city as a matter of law did not show a violation of *Akron City Code* §606.23."

Judge Washburn, in *Smith* v. *State* (1931), 41 Ohio App. 64, 67, stated that:

"Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act. *State* v. *Peasley,* 79 Wash., 99, 141 P., 316.

"Without previous connection with the transaction, one is not an aider or abettor unless he knowingly does something which he ought not to do, or omits to do something he ought to do, which assists or tends in some way to affect the doing of the thing which the law forbids; in order to aid or abet, whether by words, acts, encourage-ment, support or presence, there must be something more than a failure to object unless one is under a legal duty to object. * * *"

While we are in accord with this as a general statement of law, its application to the instant case is predicated on a factual determination that this defendant did not express "concurrence or [do] something to contribute to an unlawful act." Whether the defendant charged the prostitute ten dollars for the privilege of soliciting patrons in defendant's business establishment was a proper jury question. We will not substitute our judgment for that of the jury, which is supported by credible evidence. See, 3 Ohio Jurisprudence 2d 817, Appellate Review, Section 820. We hold that the act of charging a prostitute a sum of money and then, after payment, allowing her to solicit patrons in one's bar constitutes an expression of encouragement and support. Such act is sufficient to be the "concurrence or the doing of something to contribute to an unlawful act" for which a conviction for complicity will lie under Akron Ordinance 606.23. Both assignments of error are overruled.

*Judgment affirmed.*

VICTOR, P. J., and BRENNEMAN, J., concur.