{¶ 20} I respectfully dissent. No evidence exists to show that defendant knew the car he entered was stolen or that he himself received, retained, or disposed of it. He simply sat in it. Defendant, at best, was merely observed sitting in the passenger seat of the stolen car. Nothing in the record indicates that defendant had possession of the car. I believe, therefore, that the police lacked probable cause to arrest defendant for receiving stolen property.
 {¶ 21} "[F]or the arrest to be lawful, it must be based on probable cause, which is defined as `whether at that moment the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [defendant] had committed or was committing an offense.'" State v. Washington, Franklin App. No. 00AP-663, 2001 Ohio App. LEXIS 1925, at *7, quoting Beck v. Ohio (1964),379 U.S. 89, 91, 13 L.Ed.2d 142, 85 S.Ct. 223.
 {¶ 22} As defendant pointed out in his brief:
"Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act. State v. Peasley,79 Wash., 99, 141 P., 316.
"Without previous connection with the transaction, one is not an aider or abettor unless he knowingly does something which he ought not to do, or omits to do something he ought to do, which assists or tends in some way to affect the doing of the thing which the law forbids; in order to aid or abet, whether by words, acts, encouragement, support or presence, there must be something more than a failure to object unless one is under a legal duty to object. If A. knows that B. is illegally transporting liquor by truck, he does not aid and abet him therein by merely riding with him as a passenger upon the truck, although A.'s presence and failure to object may in a sense encourage B. As A. does nothing to further or affect the transportation, he is not an aider or abettor. * * *." (Emphasis added.)
 {¶ 23} State v. Sims (1983), 10 Ohio App.3d 56, 59, quotingSmith v. State, 41 Ohio App. 64, 68. The analysis used inSims applies here as well, even though the crime is different.
 {¶ 24} In the case at bar, defendant was arrested for and charged with receiving stolen property. At the time of the arrest, however, there is no evidence of such a crime being committed. Two men entered a car and then left it. There is no evidence whatsoever that defendant even knew the car was stolen. There was nothing about the car to indicate theft, nothing, for example, like a stripped column to alert defendant. The arresting officer did not report the motor was on or that the car moved while defendant was in it. Under these circumstances, there was no probable cause to justify an arrest. The arresting officer knew that a bait car had been moved to another location, but no one knew who moved it or how. And there was another man in the driver's seat who left on a bicycle.
 {¶ 25} Further, "in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio
(1968), 392 U.S. 1, 21.
 {¶ 26} The only activity defendant had participated in, to the best of the detective's knowledge at the time of the arrest, was sitting in a parked car that the police knew was stolen. Defendant did not have control over or possession of the car. Sitting in the passenger seat for a few minutes with another person in the driver's seat of a car, especially when there is no evidence the defendant knew the car was stolen, does not constitute probable cause for an arrest for receiving stolen property. Such articulable facts wouldn't even be enough for aiding and abetting.
 {¶ 27} I note the difference between arresting defendant, which action requires probable cause, and making a limited investigatory detention. The latter would require only reasonable suspicion. Here, however, the officer specifically and immediately arrested defendant for receiving stolen property. Because the detective did not have probable cause to arrest defendant, his search incident to that arrest was not valid and the discovery of the crack on defendant is not admissible.
 {¶ 28} Accordingly, I would vacate the convictions.