**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| WILLIAM CURRY, JR., | No. 54788-1-II |
| Appellant, | |
| v. | |
| WILLIAM VAN HOOK, DR. BRIAN JUDD, Ph.D. P.C., and the WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DSHS, AND SUB-AGENCY, SPECIAL COMMITMENT CENTER, | UNPUBLISHED OPINION |
| Respondents. | |

CRUSER, A.C.J. – William Curry petitioned for a writ of habeas corpus, arguing that there was insufficient evidence to detain him prior to his trial to determine whether he was a sexually violent predator. At multiple review hearings on the petition, the court informed Curry that it could not move forward with his petition until the State was properly served and that Curry had failed to file proof that he had properly served the State. Eventually, Curry served the State, but the State failed to appear. Curry moved for default judgment. The court initially declined to rule because it was unsure if the proper individuals had been served and asked Curry for additional information at the next review hearing. The State then filed a notice of appearance, and the court denied Curry's motion for default judgment. The State also moved for dismissal, which the court granted.

Curry argues that the superior court erred in not awarding default judgment when the State failed to appear shortly after he filed his petition. Curry also argues that the superior court erred when it dismissed his petition on procedural grounds without considering the merits of his petition. Finally, Curry contends that the superior court demonstrated bias and violated the appearance of fairness in the proceeding below. We disagree and affirm.

FACTS

In 2009, the State petitioned to civilly commit Curry as a sexually violent predator. With the petition, the State submitted a history of Curry's offenses and a psychological evaluation of Curry. Curry stipulated to the order affirming that the State had established probable cause, and the court ordered Curry to be detained until trial.

In preparation for the trial, the State requested a pretrial evaluation of Curry. Curry refused to participate in the evaluation, despite the court directly ordering Curry to participate. In 2011, the court found Curry in contempt and struck his trial date until Curry participated in the evaluation and the contempt finding was purged.

In 2018, Curry petitioned for a writ of habeas corpus. Curry argued that he had been illegally detained because there had been no proof of his "mental state/condition" when he was detained and that his diagnosed " 'mental disorders' " were insufficient to support a probable cause determination. Clerk's Papers at 2-3. Initially, Curry did not file proof that he had served the State. At multiple review hearings, the court informed Curry that no one from the State had appeared in the case and that it did not believe Curry had properly served the State.[1]

---

[1] Rather than filing proof of service, Curry merely filed his own declarations in which he stated that he had mailed the petition to the State.

2

On October 23, 2019, Curry served the State with the petition and filed a record of service. However, the State did not file a notice of appearance. At the following review hearing, the superior court noted that it appeared that the State was properly served. Curry moved for default judgment.

At the hearing on Curry's motion for default judgment, on February 21, 2020, the court was initially inclined to grant default judgment, but it was unsure whether all the named respondents had been properly served. Curry argued that because the respondents were state employees, under "[t]he rules" he only had to name the employees and serve the State. Verbatim Report of Proceedings (Feb. 21, 2020) at 7. The court asked Curry what rules he was referring to, but Curry did not remember the specific rules. The court delayed in deciding default judgment, explaining it would decide at the next schedule review hearing at which Curry could provide the court with the rules he was referring to.

Before the next review hearing, the State filed a notice of appearance and responded to Curry's petition. Noting that the State had appeared and responded to the petition, the court denied Curry's motion for default judgment.

The State then filed a motion to dismiss, arguing the petition was untimely and that Curry was raising issues in the petition that could be addressed at trial. The court agreed with the State on both grounds and dismissed Curry's petition. Curry appeals.

ANALYSIS

I. DEFAULT JUDGMENT

Curry appears to argue that the superior court erred in not granting default judgment when the State did not file a notice of appearance within 20 days of his filing of his petition. We disagree.

A. LEGAL PRINCIPLES

Civil Rule 55 provides that a plaintiff "may" make a motion for default if the defendant fails to appear, plead, or otherwise defend against the suit. CR 55(a)(1). However, "[d]efault judgments are 'generally disfavored in Washington based on an overriding policy which prefers that parties resolve their disputes on the merits.' " *Akhavuz v. Moody*, 178 Wn. App. 526, 532, 315 P.3d 572 (2013) (quoting *Showalter v. Wild Oats*, 124 Wn. App. 506, 510, 101 P.3d 867 (2004)).

We review the superior court's decision on a motion for default for abuse of discretion. *Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). A superior court abuses its discretion when its decision is manifestly unreasonable or it is based on untenable grounds or untenable reasons. *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013). A decision is based on an untenable ground or reason if the superior court applied an incorrect legal standard. *Id.*

B. ANALYSIS

Here, even assuming that default judgment is an available remedy in a habeas corpus proceeding,[2] there is no indication the superior court abused its considerable discretion in denying Curry's motion for default judgment. Initially, the court wanted to ensure that the correct parties had been properly notified. And before it was established that all the respondents had been properly served, the State appeared to contest Curry's petition. The court's decision to wait until it was sure the parties were properly notified, and its subsequent decision denying Curry's motion, are in line with the overriding policy that parties resolve disputes on the merits. *Akhavuz*, 178 Wn. App. at

---

[2] *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.").

532. Furthermore, there is nothing in the record that demonstrates that the superior court relied on either the wrong legal standard or facts outside of the record in denying Curry's motion.[3]

Accordingly, the superior court did not abuse its discretion when it did not enter default judgment in favor of Curry.

## II. HEARING ON THE MERITS

Curry contends that the court must always consider the merits of the issues raised in a habeas petition and that a court cannot dismiss such a petition on procedural grounds. We disagree.

Curry provides no support for his position that a habeas petition cannot be dismissed on procedural grounds. Furthermore, as the State notes, the supreme court has acknowledged that there is a time bar in habeas proceedings. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 76, 74 P.3d 1194 (2003). Washington courts have also routinely recognized grounds for declining to consider the merits of every issue raised in a habeas petition or dismissing the petition entirely. *Chapin v. Rhay*, 59 Wn.2d 459, 463, 367 P.2d 832 (1962) (declining to consider issues relating to the sufficiency of the information because those issues cannot be raised in a habeas corpus proceeding); *Kelley v. Squier*, 50 Wn.2d 64, 66, 309 P.2d 750 (1957) (declining to issue a writ of habeas corpus because the petition failed to raise questions that could properly be decided at a habeas proceeding); *In re Habeas Corpus of Hamilton*, 56 Wash. 405, 406, 105 P. 1046 (1909) (explaining courts should not entertain a habeas petition if the purpose of the petition is to delay the pending trial).

---

[3] The precise nature of Curry's argument on default judgment is unclear, and to the extent that he is also arguing that the court erred in not granting default judgment, sua sponte, when the State did not appear at the first hearing in the case, we disagree for the reasons stated above.

Accordingly, Curry fails to show that the court erred in dismissing his petition without ruling on the merits.[4]

### III. ALLEGED JUDICIAL IMPROPRIETY

Curry also claims the superior court had ex parte communication with the State and acted in concert with the State to have Curry's case dismissed. Furthermore, Curry contends that by ruling in favor of the State that the superior court demonstrated a bias against him and violated the appearance of fairness.

We disagree.

### A. LEGAL PRINCIPLES

The appearance of fairness doctrine seeks to prevent any issues of "a biased or potentially interested judge." *Tatham v. Rogers*, 170 Wn. App. 76, 95, 283 P.3d 583 (2012). Judges are required to disqualify themselves in a proceeding if the judge's impartiality might reasonably be questioned. CJC 2.11(A). "The test for determining whether a judge's impartiality might reasonably be questioned is an objective one that assumes the reasonable person knows and understands all the relevant facts." *In re Est. of Hayes*, 185 Wn. App. 567, 607, 342 P.3d 1161 (2015).

A trial judge is presumed to have acted without bias or prejudice. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). In order to overcome this presumption, the

---

[4] Curry provides no specific argument regarding the two grounds that the court relied on dismiss his petition. RAP 10.3(a)(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Furthermore, "[p]assing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Therefore, we need not offer an opinion on the validity of the specific grounds that the court relied on to dismiss Curry's petition.

appellant " 'must provide specific facts establishing bias.' " *Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co.*, 19 Wn. App. 2d 210, 218, 494 P.3d 450 (2021) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004)), *review denied*, 198 Wn.2d 1041 (2022). A party does not need to prove actual bias; mere suspicion of partiality may be sufficient to require recusal. *Id.* However, the appellant must produce sufficient evidence to demonstrate bias, beyond mere speculation. *Hayes*, 185 Wn. App. at 607. "Judicial rulings alone almost never constitute a valid showing of bias." *Davis*, 152 Wn.2d at 692.

B. ANALYSIS

The precise nature of Curry's claims regarding the court's ex parte communication with the State and acting in concert with the State are unclear. Curry fails to provide this court with any citations to the record that would clarify his argument or support his claims. RAP 10.3(a)(6); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Our review of the record reveals no indication the court had ex parte contact with the State or was acting in concert with the State. Accordingly, Curry fails to show that the court had any improper interaction with the State.

Furthermore, Curry fails to identify any evidence that shows the court demonstrated any appearance of bias or violated the appearance of fairness. Although the extent of Curry's argument is unclear, it appears the court denying default judgment and granting the State's motion to dismiss is the basis of Curry's claim. Judicial rulings alone are rarely sufficient to show bias. *Davis*, 152 Wn.2d at 692. Here, we have found no errors in the court's ruling and our review of the record reveals no facts suggesting the superior court was not impartial.

No. 54788-1-II

Accordingly, Curry fails to show that the court had ex parte contact with the State, was conspiring with the State, demonstrated bias against him, or violated the appearance of fairness.[5]

CONCLUSION

We hold that the court did not err when it declined to grant default judgment and that Curry fails to show that the court was required to decide his petition on the merits. Furthermore, we conclude that there is no evidence of judicial impropriety. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, A.C.J.

We concur:

_____
WORSWICK, J.

_____
PRICE, J.

---

[5] Curry also claims in passing that the superior court violated his constitutional rights when it refused to provide transcripts of the proceedings for this appeal without charge. However, Curry provides no authority that he has a constitutional right to the record at public expense in a habeas proceeding.

Curry also contends that the judge erred when he refused to recuse himself from the habeas proceeding because the judge is also on the SVP proceeding. But Curry never explains why the judge cannot preside over both proceedings, particularly since the judge was not on the SVP proceeding when the decisions that Curry is challenging in his habeas proceeding occurred.